VIRGINIA JARRELL, PETITIONER, v. R. PAUL JARRELL, RESPONDENT.

(Filed 3 November, 1954.)

**Divorce § 16—Failure to pay sums for support of children in accordance with order must be willful to constitute contempt.**

In an action for alimony without divorce a consent judgment was entered ordering the husband to pay the wife a stipulated sum each month for the support of their two children so long as the children were not self-supporting. At a later term the order was modified to increase the payments and to require the husband to make them to the Clerk of the Superior Court instead of to the wife. Upon motion in the cause to attach the husband for contempt for failure to provide support for the children, the court found upon supporting evidence that the husband acted in good faith in reducing his payments one-half subsequent to the marriage of his daughter and in making no payments for the support of the son during the time his son was living with him. *Held:* The findings support the court's ruling that respondent had shown sufficient cause why he should not be held in willful contempt.

APPEAL by petitioner from *Hall, Special Judge,* July Term 1954 of RANDOLPH. Affirmed.

Motion in the cause to attach the respondent for alleged contempt for wilful failure to provide support for his children.

In February 1949 the petitioner instituted an action for alimony without divorce. G. S. 50-16. In the same month and year the Clerk of the Superior Court of Randolph County signed a consent judgment in said action ordering the respondent to pay to petitioner $50.00 a month for the maintenance and support of their two children, Lorena Jarrell and Roger Lee Jarrell, "so long as said children are not self-supporting."

At the May Special Term 1950 of Randolph Superior Court, Sharp, Special Judge presiding, on motion in the cause—both petitioner and respondent being present in court with counsel and offering evidence—

amended the consent judgment, and ordered the respondent to increase his payments to $100.00 a month. There was no appeal. At the July Term 1953, Pless, J. presiding, the judgment was further modified by requiring the respondent to make the monthly payments to the Clerk of the Superior Court, rather than to petitioner.

Respondent secured an absolute divorce from petitioner at the June Term 1950 of Randolph.

On 2 July 1954 petitioner filed a motion in the cause to attach respondent for contempt for wilful failure to comply with the order of the court entered by Sharp, Special Judge, to pay $100.00 a month for the support of his two children, contending that he was $335.00 in arrears in his payments. At the hearing petitioner testified that Lorena Jarrell was married in November 1952, since which time her husband has supported her. Her evidence also tended to show that respondent has paid only $50.00 a month since Lorena Jarrell's marriage; that Roger Lee Jarrell, now 13½ years old, stayed with his father two weeks in December 1953 and has been with him since 13 June 1954, and respondent has made no payment to the Clerk for his minor son's support, when living with him.

Judge Hall entered an order that respondent assumed in good faith that he was not required to pay $50.00 a month for the support of Lorena Jarrell since her marriage, and assumed in good faith that he was not required to pay $50.00 a month for the support of Roger Lee Jarrell, while living with him; that upon the basis that he is required to pay only $50.00 a month when his son is not with him, Judge Hall found as a fact that respondent is $35.00 in arrears, which he is now ready to pay. His Honor then adjudged that the respondent has shown sufficient cause why he should not be held in wilful contempt of court, and entered an order accordingly.

Plaintiff excepted and appealed, assigning error.

*Archie L. Smith and Deane F. Bell for Respondent, Appellee.*
*Ottway Burton for Petitioner, Appellant.*

PER CURIAM. There is competent evidence in the Record to support His Honor's findings of fact that the respondent acted in good faith in reducing his payments to $50.00 a month since Lorena Jarrell's marriage, and in not making a payment of $50.00 a month while Roger Lee Jarrell was living with him, and that on that basis he is only $35.00 in arrears, which he is now ready to pay. Such findings of fact support His Honor's conclusion that respondent has shown sufficient cause why he should not be held in wilful contempt of court. To constitute contempt the violation of the order to pay money for support of children must be wilful. *West v. West,* 199 N.C. 12, 153 S.E. 600; *Vaughan v. Vaughan,* 213 N.C. 189,

195 S.E. 351; *Smithwick v. Smithwick*, 218 N.C. 503, 11 S.E. 2d 455. Judge Hall was correct in ruling that the evidence failed to show a wilful contempt.

Affirmed.