PEGGY JOYCE WARREN, BY HER NEXT FRIEND, SAMUEL McD. TATE v. ROSE S. LONG.

(Filed 24 March, 1965.)

**Parent and Child § 2—**

A child who, because of mental incompetency, is unable to support or care for herself, and who at all times has been supported and cared for by her parent, may not maintain an action against the parent in tort, even though the child is over the age of 21 years.

APPEAL by plaintiff from *Patton, J.,* October, 1964 Session, BURKE Superior Court.

This action was instituted on behalf of Peggy Joyce Warren by her next friend to recover damages for the personal injury she sustained while riding as a passenger in the automobile owned and operated by the defendant, her mother. The pleadings and all the evidence disclose that Peggy Joyce Warren is 30 years of age. She is now, and all her life has been, mentally incompetent — unable to support or care for herself. Except at such times as she has spent in an institution, she has lived as a dependent member of her mother's family. The defendant at all times has assumed and has discharged the responsibility for her care and support.

The defendant, by way of further defense, alleged that the plaintiff is an unemancipated, incompetent daughter of the defendant, a dependent member of her household, and as such cannot maintain this tort action.

At the conclusion of the evidence, Judge Patton entered judgment dismissing the action. The plaintiff excepted and appealed.

*John H. McMurray for plaintiff appellant.*
*Patton, Ervin & Starnes by Sam J. Ervin, III, for defendant appellee.*

HIGGINS, J. At the outset the Court is faced with the question whether the defendant's further defense, supported as it is by the pleadings and all the evidence, presents a bar to this action. This Court has held in many well considered opinions that an unemancipated child who is a dependent member of the household cannot maintain an action in tort against the head of the household. "The common law does not recognize the right of an unemancipated minor child, living in the household of its parents, to maintain an action in tort against its parents or either of them." *Redding v. Redding,* 235 N.C. 638, 70 S.E. 2d 676; *Small v. Morrison,* 185 N.C. 577, 118 S.E. 12, 31 A.L.R. 1135. "This rule implements a public policy protecting family unity, domestic serenity, and parental discipline." *Gillikin v. Burbage,* 263 N.C. 317, 139 S.E. 2d 753.

Ordinarily, the bar to actions in tort by the child is lifted by complete emancipation, which may be by act of the parent, by marriage, by arriving at the age of 21, or by leaving the household and becoming self-supporting. However, if "the child is so weak in mind or body that he is unable to support himself and remains in the parent's home, unmarried, . . . the parent's duty to support the child continues." *Gillikin v. Burbage, supra; Wells v. Wells,* 227 N.C. 614, 44 S.E. 2d 31. "And where a child is of weak body or mind and unable to care for it-

self after coming of age, the duty of the father to support the child continues as before." *Layton v. Layton,* 263 N.C. 453, 139 S.E. 2d 732.

Although the plaintiff is now 30 years of age, nevertheless, the pleadings and all the evidence disclose her complete dependence upon the defendant for a home, support, care and attention. That dependence is no less complete now than it was before she became 21. Upon the undisputed facts, Judge Patton correctly concluded, as a matter of law, that this action should be dismissed. Hence we need not consider the question of negligence.

The judgment of the Superior Court dismissing this action is

Affirmed.