TRANSAMERICA INSURANCE COMPA-
NY, a corporation, Plaintiff,

v.

CANNON–LOWDEN COMPANY, a part-
nership, et al., Defendants.

No. CV 74–8–GF.

United States District Court,
D. Montana,
Great Falls Division.

Oct. 6, 1975.

Smith, Emmons, Baillie & Walsh, Great Falls, Mont., for plaintiff.

Church, Harris, Johnson & Williams, Great Falls, Mont., for all defendants Lowden.

Towe, Neely & Ball, Billings, Mont., for all other defendants.

## OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

The post-trial motions of the defendants, and their objection to the form of judgment submitted, are all denied.

In this declaratory judgment action to determine liability under an insurance policy, the evidence showed without contradiction that Freda Lowden (the insured), traveling at a speed in excess of 60 miles per hour, drove out of her lane of traffic and directly into the path of the tractor and trailer unit driven by Eilef Erickson. The special verdict finding a death by suicide established that the act of driving into the path of the oncoming truck and trailer was not accidental but was deliberately done by Freda Lowden for the purpose of taking her own life. There is no evidence that Freda Lowden had any purpose to damage any of the defendants whose persons or property were damaged.

Under these circumstances, does the policy cover the liability arising out of the occurrence? The pertinent policy language is:

I.  COVERAGE A—BODILY INJURY—except Automobile
    COVERAGE B—PROPERTY DAMAGE—except Automobile
    COVERAGE C—BODILY INJURY—Automobile
    COVERAGE D—PROPERTY DAMAGE—Automobile
    COVERAGE L—PERSONAL LIABILITY

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence.

The word "occurrence" is defined as follows:

"occurrence" means an accident, including injurious exposure to conditions, which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the insured . . . .

The policy further provides:

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage, arising out of the ownership, maintenance or use of an owned automobile. . . .

and contains an exclusionary clause reading:

This endorsement does not apply:

* * * * * *

(e) to bodily injury or property damage caused intentionally by or at the direction of the insured. . .

However these policy provisions may be read, it is clear that the insurance company was trying to insulate itself from liability caused by the willful acts of the insured. It follows that under some circumstances the words expressing this intent should be given effect. Plaintiff (Transamerica) contends that, since the act causing the damage was deliberately done, coverage is excluded whether the insured intended the particular damage or not. Defendants contend that, since there was no intent to cause the particular damage, the exclusionary language of the policy does not avoid liability. Both parties cite cases which contain language supporting their contentions, but it appears to me, upon an analysis of the facts in the opinions cited, that the

results are not as divergent as the language in the opinions indicates. I draw from the cases the rule that, where an insured intentionally does an act which will almost certainly cause damage, exclusionary clauses using the words "expected" and "intentional" apply even though there was no purpose to cause the damage, See the following cases in which liability was held to be excluded:

*United Services Automobile Ass'n v. Wharton*, 237 F.Supp. 255 (W.D.N.C. 1965), where the insured, for the purpose of committing suicide, deliberately ran into the path of an oncoming truck and trailer;

*Kraus v. Allstate Ins. Co.*, 379 F.2d 443 (3d Cir. 1967), where the insured, for the purpose of killing his wife, a passenger in the car, deliberately exploded a large quantity of dynamite on a public thoroughfare;

*Rankin v. Farmers Elevator Mutual Ins. Co.*, 393 F.2d 718 (10th Cir. 1968), where a truck driver deliberately drove a motorcyclist into the ditch for the purpose of stopping rather than injuring the cyclist.

Contrast the following cases in which the exclusionary language was held to be not applicable:

*City of Burns v. Northwestern Mutual Ins. Co.*, 248 Or. 364, 434 P.2d 465 (1967), where the insured, with no purpose to injure the wife, moved the grave of a husband and was sued by the surviving wife;

*Vanguard Ins. Co. v. Cantrell*, 18 Ariz. App. 486, 503 P.2d 962 (1973), where, for the purpose of scaring rather than hitting, the insured fired a pistol over his shoulder.

It is to be noted that in both of these last-cited cases, the courts indicated that liability would be excluded if the act was in a high degree certain to result in the particular damage. The *Vanguard* case is distinguished in *Clark v. Allstate Ins. Co.*, 22 Ariz.App. 601, 529

P.2d 1195 (1975), and held not applicable where an insured intentionally hit another in the face with no purpose of injuring. The court again commented on acts done with a high degree of certainty to cause damage. *See also Lumbermens Mutual Ins. Co. v. Blackburn,* 477 P.2d 62 (Okl.1970), where the exclusionary language was held not to apply where the insured threw a rock in the direction of the person injured without an intent to injure. The opinion does not reveal the exact circumstances under which the rock was thrown. In *Allstate Ins. Co. v. Hiseley,* 465 F.2d 1243, 1248 (10th Cir. 1972), the Court of Appeals for the Tenth Circuit cited and distinguished the *Blackburn* case by quoting from its decision in *Rankin v. Farmers Elevator Mutual Ins. Co., supra,* as follows:

"It is not necessary in this case to make any subtle distinctions between an intentional act and an intentional injury resulting from an act. * * * This is not the kind of case where an actor causes a missile to be thrown without contemplating or having a design that it should strike the person thereby injured. . . ."

Under the circumstances of this case, the jury having by its verdict excluded the possibility that the acts of the insured were accidental, I am of the opinion that the risk of damage was so certain to follow the act done that it can be said as a matter of law that the damages were intended or expected, and the exclusionary language is effective.

I have considered the other contentions made and deem them to be without merit.

█ The judgment entered by the clerk of the court on August 8, 1975, is stricken. Under Fed.R.Civ.P. 58 the clerk has no power, in the absence of a direction from the court, to enter a judgment upon a special verdict.