MARY GOOD TILLEY v. JACK P. TILLEY

No. 7617DC221

(Filed 1 September 1976)

Divorce and Alimony § 23— child support — unilateral reduction in payment by defendant improper

Where a 1972 order of the court required defendant to provide for support of three minor children of the parties and provided for a reduction in support when the oldest of the three became 18, defendant had no authority to attempt unilaterally to reduce the amount of the payments when the second oldest child became 18; rather, the proper procedure for the defendant to have followed when the second child reached majority would have been for the defendant to have applied to the trial court for relief. G.S. 50-13.7.

APPEAL by defendant from *Clark, Judge.* Judgment entered 31 December 1975 in District Court, SURRY County. Heard in the Court of Appeals 10 June 1976.

This is a civil action wherein the plaintiff, Mary Good Tilley, has filed a motion in the cause in a divorce proceeding against the defendant, Jack P. Tilley, seeking delinquent support payments and an increase in support for Sandra Tilley, the minor child of the parties, and attorney's fees.

The plaintiff and defendant were married on 28 December 1951 and divorced on 1 December 1969. There were four children born to the marriage—Stephen, Lynn and Bradley, now more than eighteen years of age, and Sandra, sixteen years of age. At the time the divorce was granted, the court also entered a consent order providing for the support of the chil-

dren. This order was modified on 8 August 1972 when Judge Harris entered an order:

"(1) That the defendant pay into the Office of the Clerk of Superior Court the sum of $250.00 per month for the support of Lynn Tilley, Bradley Tilley and Sandra Tilley until the month of November, at which time he is then and thereafter to pay into the Office of the Clerk of Superior Court the sum of $200.00 per month for the support of Bradley Tilley and Sandra Tilley; (2) That the defendant pay all medical and dental bills for his minor children under eighteen (18) years of age; (3) That he catch up arrearages and keep his payments current."

On 9 December 1975 plaintiff filed this motion in the cause seeking delinquent support payments and an increase in support to $250.00 per month. There was a hearing on 31 December 1975 in which both parties offered evidence. At the conclusion of the hearing the court made the following pertinent findings of fact:

"7. A motion in the cause by the plaintiff was heard by Judge George M. Harris on August 8, 1972, and a judgment was signed by Judge Harris ordering the defendant to pay arrearages in support payments, to pay the medical and dental expenses of his minor children, to make support payments in the amount of $250 per month until November, 1972, to make payments of $200 per month for the support of his minor childlren, Bradley and Sandra, thereafter.

8. The defendant did not keep his payments to the Clerk's office up to date and, beginning with the month of November, 1974, at which time Bradley Tilley became eighteen years of age, the defendant reduced the payments without the consent of the plantiff and without the authority of the Court to $100 per month and is at this time $2,050.00 in arrears; the defendant also failed to pay $343.00 in dental bills for services rendered to Lynn, Bradley and Sandra Tilley during the years 1971 to 1975 when each of them was still a minor.

9. The minor child of the defendant, Sandra Tilley, is in the custody of the plaintiff and lives with her; and, having due regard to the estates, earnings, conditions and accustomed standard of living of the parties and of the minor child and taking into account the present economic

Tilley v. Tilley

trend of increasing prices for consumer products, and reasonable needs of Sandra Tilley per month are as follows: food, $75; housing (her share of shelter, utilities, furnishings, appliances), $75; clothing, $30; transportation (her share of operation and maintenance of the family automobile) $35; other (education, recreation, gifts, etc.), $45.

10. The defendant is employed as a teacher at Enka High School in Buncombe County, North Carolina, and received take home pay of $806.36 per month for ten months and possesses the means to pay $200 per month support and the medical and dental expenses of his minor child.

11. The plaintiff is employed as a teacher in Surry County, North Carolina, and has the means to pay the expenses of bringing this action."

Based on these findings, the court entered an order that defendant pay $2,393.00 in delinquent support payments and unpaid dental bills. He also ordered that defendant continue to make support payments in the amount of $200.00 per month for the support of Sandra Tilley until she reaches eighteen on 26 January 1977. Defendant appealed.

*Cama C. Merritt for plaintiff appellee.*

*William G. Reid for defendant appellant.*

HEDRICK, Judge.

The only exceptions in the record are to the judgment and to the court's denial of the defendant's motion to set aside the judgment appealed from. These exceptions present the question of whether the facts found or admitted support the judgment and whether the judgment is in proper form.

Defendant contends the court erred in ordering him to pay $2,050.00 arrearages representing $100.00 per month from the date his son Bradley became 18 years old and that defendant was authorized to reduce the payments unilaterally by $100.00 per month when Bradley reached his majority.

"While a parent is under a legal as well as a moral obligation to support his minor children, that obligation normally terminates when the child reaches his majority and ceases to be dependent." *Ford v. National Bank,* 249 N.C. 141, 143, 105 S.E. 2d 421, 423 (1958).

In the present case the court concluded that "the defendant . . . [was] in arrears in support payments in the amount of $2,050.00." In the 8 August 1972 order, the court provided for a reduction in support when Lynn Tilley became 18 years of age. Had it desired to also provide for a reduction when Bradley became 18, it could easily have done so. The only logical interpretation of the August, 1972, order is that defendant was to continue to make support payments at $200.00 per month until there were no longer any minor children or until he made a showing of a change in circumstances justifying a modification of the order. *See Rabon v. Ledbetter*, 9 N.C. App. 376, 176 S.E. 2d 372 (1970). The August, 1972, order was incorporated into the findings of fact in the order appealed from. It supports the conclusion that defendant was in arrears $2,050.00. This argument is without merit.

Citing *Jarrell v. Jarrell*, 241 N.C. 73, 84 S.E. 2d 328 (1954), defendant argues in the alternative that even if the August, 1972, order did not provide for a reduction in support when Bradley became 18, the fact of Bradley's reaching the age of majority was such a change in circumstances as would justify a reduction in the amount of support. Defendant argues that the court should have modified the August, 1972, order and retroactively reduced the amount of support he was required to pay to only $100.00 per month from the date Bradley became 18.

The case cited by defendant is clearly distinguishable on its facts. Whether the trial court has the authority to retroactively reduce payments provided for child support by a prior order of the court, 2 Lee, North Carolina Family Law, § 153, pp. 232-33, is not before us, since the court in the instant case made no retroactive change in the 1972 order. As pointed out above, the facts found by the trial judge clearly support the order entered. The proper procedure for the defendant to have followed when Bradley reached majority would have been for the defendant to have applied to the trial court for relief. G.S. 50-13.7. We hold the defendant had no authority to unilaterally attempt his own modification of the 1972 order.

We note that plaintiff in her motion in the cause sought counsel fees. In the order appealed from by the defendant, the court found as a fact that plaintiff had the means "of bringing this action" and did not enter an order for counsel fees. Plaintiff did not appeal, but in her brief, citing G.S. 50-13.6, plaintiff

prays that this court order defendant to pay attorney's fees incurred by counsel in representing plaintiff on appeal. General Statute 50-13.6 authorizes the trial court, in a proper case, after making appropriate findings of fact, to order the payment of reasonable counsel fees. Neither the statute cited by plaintiff nor any other statute of which we are aware authorizes this court to make an award of attorney's fees. The judgment appealed from is

Affirmed.

Judges BRITT and MARTIN concur.