Loer v. Loer

EDNA HICKS LOER v. ROBERT LEE LOER

No. 7619DC343

(Filed 6 October 1976)

**Divorce and Alimony § 23; Parent and Child § 7— agreement to support child until emancipation — termination of duty when child reaches 18**

A father's obligation under a separation agreement to make payments for the support and education of his son until he reaches "age 21 . . . (or is) emancipated" terminates when the son attains legal emancipation at age 18 under G.S. Ch. 48A.

APPEAL by plaintiff from *Warren, Judge*. Judgment entered 25 February 1976, District Court, CABARRUS County. Heard in the Court of Appeals 2 September 1976.

Plaintiff, former wife of the defendant, alleged the indebtedness of defendant pursuant to a separation agreement dated 1 February 1971. This agreement provided that defendant would pay plaintiff the sum of $112.50 per month for the support, maintenance and education of Robert Earl Loer, a child of the marriage, until he would reach "the age of 21 years, be married, emancipated, or shall die, in the earliest of such events such obligation expiring."

At the time the agreement was made a child was emancipated at age 21 under the common law rule. The age of emancipation was lowered to 18 effective 5 July 1971 by G.S. Chap. 48A. Robert Earl Loer was born on 5 November 1956, and thereby attained age eighteen on 5 November 1974. As of that date defendant ceased to make any payments pursuant to the agreement. Robert Earl Loer was at all times subsequent to that date a college student with no source of income except the plaintiff, was unmarried, and was not suffering from any physical or mental disability.

Upon these facts, the trial court concluded that Robert Earl Loer had become legally emancipated on 5 November 1974 and that defendant was therefore relieved of any obligation for his support, maintenance and education.

Plaintiff appealed.

*Williams, Willeford, Boger & Grady by Samuel F. Davis, Jr., and John Hugh Williams for plaintiff appellant.*

*Davis, Koontz & Horton by Clarence E. Horton, Jr., for defendant appellee.*

Rockingham County v. Reynolds Co.

CLARK, Judge.

The sole question presented for decision is whether the father's contractual liability for the support and education of his son until he reaches "age 21 . . . (or is) emancipated" terminates when the son attains legal emancipation at age 18 under G.S. Chap. 48A.

A very similar issue was resolved in *Shoaf v. Shoaf*, 282 N.C. 287, 192 S.E. 2d 299 (1972), where a consent judgment provided for support until the child "reaches his majority or is otherwise emancipated." The court unequivocally stated that the age of emancipation was fixed by the legislature at 18 and that the courts had no power to raise or lower it. It is true that parties may contract for liability in excess of their legal obligations. *Mullen v. Sawyer*, 277 N.C. 623, 178 S.E. 2d 425 (1971); *Carpenter v. Carpenter*, 25 N.C. App. 235, 212 S.E. 2d 911 (1975), *cert. denied*, 287 N.C. 465, 215 S.E. 2d 623 (1975). Here, as in *Shoaf*, the liability of the father was limited to his legal obligation. We are unable to distinguish the language of this agreement from that construed in *Shoaf*. The clear intent of the parties was to provide for support until emancipation, which would include attaining majority. The age of majority has been set by the General Assembly at 18. G.S. 48A-2.

The fact that the contract being interpreted here is a separation agreement, not a consent judgment, is of no significance. *Stanley v. Cox*, 253 N.C. 620, 117 S.E. 2d 826 (1961); 5 Strong, N. C. Index 2d, Judgments, § 10 (1968).

The decision is

Affirmed.

Judges BRITT and PARKER concur.