DONALD FRANK SHAFFNER, JR. v. DONALD FRANK SHAFFNER, SR.

No. 7721DC520

(Filed 6 June 1978)

**Divorce and Alimony § 24.10 — separation agreement — duration of child support — modification improper**

    Defendant's contractual obligation to support plaintiff, his son, until age 21, or beyond his majority, was a provision of a separation agreement between defendant and plaintiff's mother over which the court could exercise no control absent consent of the parties; therefore, a subsequent child support order, inasmuch as it purported to modify the duration of defendant's support obligation, was without force and effect.

APPEAL by plaintiff from *Harrill, Judge.* Judgment entered 16 May 1977 in District Court, FORSYTH County. Heard in the Court of Appeals 29 March 1978.

Plaintiff instituted this civil action against defendant, his father, seeking to enforce the terms of a deed of separation under which defendant had agreed to support plaintiff until he reached the age of twenty-one (21) years.

In his complaint, plaintiff alleged that on 12 November 1958 he was born of the marriage of defendant and plaintiff's mother, Aurelia G. Shaffner (now Aurelia G. Ruffin). On 20 April 1965, defendant and plaintiff's mother entered into a deed of separation

wherein defendant agreed to pay $17.50 per week for the support of each of their two children until each child reached the age of twenty-one (21) years, such *amount* being expressly subject to modification by a court of competent jurisdiction. On 14 September 1973, defendant filed motion and was awarded custody of the two children. Later, plaintiff returned to his mother, and on 18 July 1975, an order was entered awarding custody of plaintiff to his mother and obligating defendant to pay $32.50 per week for plaintiff's support until he reached the age of eighteen (18) years or was otherwise emancipated. A subsequent order dated 28 July 1975 obligated defendant to pay $60.00 per week for the support of both children. From and since 12 November 1976, plaintiff's eighteenth birthday, defendant has failed and refused to make further payments of child support for plaintiff's benefit.

Defendant filed answer denying his liability for further support of plaintiff. Both parties duly filed motions for summary judgment. From an order allowing defendant's motion for summary judgment and denying plaintiff's motion, plaintiff appealed to this Court.

 *Randolph and Randolph, by Clyde C. Randolph, Jr., for the plaintiff.*

 *William G. Pfefferkorn and David A. Wallace, for the defendant.*

MARTIN, Judge.

The sole question presented by this appeal is whether the contractual obligation undertaken by defendant in the separation agreement to make support payments for plaintiff's benefit until he reached the age of twenty-one (21) years was modified by the 18 July 1975 court order obligating defendant to make such payments until plaintiff "reaches the *age of eighteen years or is otherwise emancipated*." (Emphasis added.)

Plaintiff contends that the trial court in the case at bar erred in concluding that, by reason of Judge Leonard's order of 18 July 1975, "defendant is under no obligation, contractual or otherwise, to provide support to the plaintiff beyond the latter's eighteenth birthday." He argues that, in the absence of the consent of the parties, Judge Leonard was without authority to modify defend-

ant's contractual obligation to provide support for plaintiff until he (plaintiff) reached age twenty-one (21).

Defendant contends that plaintiff's mother sought and obtained, for plaintiff's benefit, the 18 July 1975 order for the specific purpose of having the payments for plaintiff's support increased over the amounts provided in the separation agreement; and that, having accepted the benefits of this order, plaintiff is estopped to deny the modification of defendant's contractual obligation effectuated by the 18 July order.

It is well settled law that while the provisions of a valid separation agreement cannot be set aside or modified by a court without the consent of the parties, no such agreement between husband and wife can deprive a court of its inherent authority to protect the interests and provide for the welfare of minor children. *Church v. Hancock*, 261 N.C. 764, 136 S.E. 2d 81 (1964); *Fuchs v. Fuchs*, 260 N.C. 635, 133 S.E. 2d 487 (1963); 2 Lee, N.C. Family Law, §§ 189, 199 (1963). However, the authority of the court to affect the custody of and to require reasonable support for minor children continues only as long as the parents' legal obligation to support exists, *Shoaf v. Shoaf*, 282 N.C. 287, 192 S.E. 2d 299 (1973), and thus, is limited in scope to agreements whose terms provide for the maintenance and support of a child *during his minority*. To the extent an agreement makes provision for the maintenance and support of a child *past his majority*, it is beyond the inherent power of the court to modify absent the consent of the parties and is enforceable at law as any other contract. *Church v. Hancock, supra.* Indeed, a parent can by contract assume an obligation to his child greater than the law otherwise imposes, and by contract bind himself to support his child after emancipation and past majority. *Carpenter v. Carpenter*, 25 N.C. App. 235, 212 S.E. 2d 911 (1975). We believe such was the case here.

In the instant case, the separation agreement clearly provided for plaintiff's support until he reached age twenty-one (21). Nowhere did the agreement limit such support to plaintiff's reaching his majority or being emancipated. We are not unmindful of the fact that at the time the separation agreement became effective, 20 April 1965, twenty-one (21) was the age of majority, and that the subsequent enactment of G.S. 48A-2 lowered the age

of majority from twenty-one (21) to eighteen (18) years of age. However, we cannot, by process of interpretation, rewrite the subject agreement where its terms are plain and explicit. *See Goodyear v. Goodyear*, 257 N.C. 374, 126 S.E. 2d 113 (1962). Moreover, we note that more than four years transpired between the effective date of G.S. 48A-2 (5 July 1971) and the 18 July 1975 order purporting to modify defendant's support obligation during which time defendant made no effort, through negotiation with plaintiff's mother or plaintiff, to limit his liability to his legal obligation. Accordingly, we find that the defendant's contractual obligation to support plaintiff until age twenty-one (21), or *beyond his majority*, was a provision of the separation agreement over which the court could exercise no control absent consent of the parties. *See Owens v. Little*, 13 N.C. App. 484, 186 S.E. 2d 182 (1972). Hence, the 18 July 1975 order, inasmuch as it purported to modify the duration of defendant's support obligation, was without force and effect.

In so finding, we do not nullify the portion of the 18 July 1975 order which increased the *amount* of the support payments for plaintiff's benefit. The separation agreement expressly provided for the modificiation of the *amounts* set out therein by a court of competent jurisdiction. Thus, the court was acting within its authority, in both the 18 July 1975 and 28 July 1975 orders, in increasing the amount of defendant's monthly support payments upon the showing of changed conditions.

Finally, we note that the failure of plaintiff's mother to appeal from the 18 July order has no effect on the present right of plaintiff to enforce defendant's contractual obligation to him under the deed of separation. Plaintiff was not a party to the earlier proceeding and cannot be bound by an order, purporting to modify this contractual obligation, which the court had no power to effectuate.

The trial court's entry of summary judgment for defendant was error. Accordingly, we reverse and remand the cause for entry of summary judgment in plaintiff's favor for the reasons indicated in this opinion.

Reversed and remanded.

Judges MORRIS and ARNOLD concur.