PATRICIA W. BEVERLY v. TED M. BEVERLY

No. 7826DC1163

(Filed 18 September 1979)

1. **Rules of Civil Procedure § 56 — summary judgment — complaint unverified — no supporting material offered — sufficiency of motion**

    Plaintiff complied with the requirements for a summary judgment motion though her complaint was unverified and though she offered no affidavit or other material to support her motion.

2. **Husband and Wife § 11 — separation agreement — duration of support payments — intent of parties**

    In an action to recover payments due under a separation agreement, there was no merit to defendant's contention that it was the intent of the parties that payments for maintenance and support should continue only until plaintiff wife was capable of supporting herself, since defendant's affidavit showed only his unwillingness to make payments to plaintiff indefinitely but did not show that it was the intent of *both* the parties that he would cease making payments when she became self-supporting.

3. **Husband and Wife § 11.1 — separation agreement — child support provisions — change in child custody — amount of support changed**

    Though a separation agreement between the parties provided that defendant should pay plaintiff child support of $450 per month and that such amount should not be reduced until the youngest child reached 18 years of age, defendant was nevertheless entitled to a credit against his obligation for the support of one of the children who, at plaintiff's request, went to live with defendant.

APPEAL by defendant from *Cantrell, Judge.* Judgment entered 6 October 1978 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 28 August 1979.

Plaintiff alleges that the parties are divorced, and that defendant has failed to make payments due under their separation agreement. Defendant admits that he has paid $900 less than the agreement requires, but he seeks credit of one-fourth of the agreed-upon child support payments due to the fact that one of the children has been living with him rather than with the plaintiff. Defendant admits the genuineness of the separation agreement, which provides for monthly payments of $265 to the plaintiff and $450 child support.

Plaintiff moved for summary judgment. In opposition to the motion defendant filed his affidavit, stating that it was the intent

of the parties that he make payments to plaintiff only until she was able to support herself, which she is now able to do. In addition, he indicated that the parties' oldest son Mike had come to live with him at plaintiff's request, and that he had been able to support Mike only by reducing the total child support payments to plaintiff. Recently a second son had come to live with him, and his daughter had expressed a desire to do so as well.

Plaintiff's motion for summary judgment was granted and defendant appeals.

*Samuel M. Millette for plaintiff appellee.*

*Wardlow, Knox, Knox, Robinson & Freeman, by William G. Robinson & John S. Freeman, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant first argues that plaintiff failed to carry her burden of proving that she is entitled to judgment as a matter of law, which is required for summary judgment. G.S. 1A-1, Rule 56(c). He points to the fact that her complaint is unverified, and that she offered no affidavit or other material to support her motion. However, G.S. 1A-1, Rule 56(c) provides that pleadings may be considered on a motion for summary judgment, and G.S. 1A-1, Rule 11(a) indicates that as a general rule, pleadings need not be verified. Furthermore, G.S. 1A-1, Rule 56(a) provides that a party may move "with or without supporting affidavits" for a summary judgment. Plaintiff complied with the requirements for a summary judgment motion.

[2] The parties' separation agreement provides that "[t]he Husband shall pay to the Wife, for her support and maintenance, the sum of $265.00 per month." Defendant argues that it was the intent of the parties that these payments should continue only until the wife was capable of supporting herself.

The payments at issue are not alimony, but periodic payments provided for by a contract. See *Stanley v. Cox*, 253 N.C. 620, 117 S.E. 2d 826 (1961). A separation agreement, like any other contract, turns upon the intent of the parties. *Bowles v. Bowles*, 237 N.C. 462, 75 S.E. 2d 413 (1953). By affidavit, the defendant presented evidence that before signing the separation agreement he "had a discussion with . . . the plaintiff, and . . . told

her that I was not going to pay her alimony forever and did further state to her that I was quite willing to pay her a reasonable amount of support for her until such time as the plaintiff could adjust to being employed and could be making her own way without my help. She did not say much about that but the agreement entered into was signed after that discussion." Defendant argues that the consideration of this evidence to "clarify the writing" would not violate the parol evidence rule.

Without ruling on the parol evidence question, we find that, even if this evidence were considered, defendant has not presented sufficient evidence to show that there exists a genuine issue as to the termination date for the periodic payments. Defendant's affidavit, at most, shows that he expressed to the plaintiff his unwillingness to make payments to her indefinitely. It does not show that it was the intent of *both* the parties that he would cease making payments when she became able to support herself. See 17 Am. Jur. 2d, Contracts § 18 (an objective manifestation of mutual assent is necessary to form a contract). As we said in *Grady v. Grady*, 29 N.C. App. 402, 403-04, 224 S.E. 2d 282, 283 (1976), "[t]he effect of the agreement is not controlled by what one of the parties intended or understood." Summary judgment for plaintiff on this issue was proper.

[3]   The separation agreement also provides that "[t]he Husband shall pay to the Wife, for the support and maintenance of the children of the marriage, the sum of $450.00 per month and such child support shall not be reduced until the youngest child of the marriage reaches 18 years of age, at which time all child support shall cease." Defendant, relying upon *Goodson v. Goodson*, 32 N.C. App. 76, 231 S.E. 2d 178 (1977), contends that he is entitled to credit of $112.50 (one-fourth of the child support amount) for each month that the parties' son Mike has been living with him rather than with plaintiff. Plaintiff would have us read the language of the separation agreement literally and allow no reduction in support payments.

In *Goodson v. Goodson, id.*, plaintiff father who was ordered to pay child support to his ex-wife sought credit against his obligation for expenses he incurred for clothing, recreation and medical treatment. We determined that credit should be allowed to prevent an injustice. Likewise in the case before us we are per-

suaded by equitable considerations that credit is necessary. It is uncontradicted that Mike went to live with defendant at plaintiff's request. An injustice would result if defendant were not given some credit for amounts spent for Mike's support. Therefore, we remand for the trial court to determine the amount of credit to which defendant is entitled.

Affirmed in part.

Reversed and remanded in part.

Judges HEDRICK and VAUGHN concur.