**Byrd v. Byrd**

---

---

EDITH HUMPHREY BYRD v. DONALD GARY BYRD

No. 808DC966

(Filed 5 May 1981)

**Appeal and Error § 14– notice of appeal not timely**

 Where judgment was entered 8 August 1980 in open court, defendant and his counsel were present in court at that time, the written judgment was filed 19 August 1980, and defendant gave notice of appeal on 19 August 1980,

the trial court properly found that more than ten days elapsed between the entry of judgment and the notice of appeal and therefore properly dismissed defendant's appeal.

APPEAL by defendant from *Ellis (Kenneth R.), Judge.* Order entered 27 August 1980 in District Court, LENOIR County. Heard in the Court of Appeals 9 April 1981.

Plaintiff filed a complaint on 15 July 1980 seeking custody of the minor child born of her marriage to defendant, alimony and child support pendente lite, attorney's fees, a writ of possession of the family residence and other relief. The defendant filed an answer generally denying the allegations of the complaint and seeking joint custody. After the presentation of evidence and argument of counsel, the judge announced his decision in open court on 8 August 1980. The written judgment, filed 19 August 1980, was marked "entered 8 August 1980" and was dated 18 August 1980. Defendant gave notice of appeal 19 August.

Plaintiff moved to dismiss the appeal as not timely entered. The trial court found that the judgment was entered 8 August 1980 in open court, and that the defendant and his counsel were present in court at that time. The court further found that more than 10 days elapsed between the entry of judgment and the notice of appeal and therefore dismissed defendant's appeal. Defendant appeals from this dismissal.

*Douglas P. Connor for plaintiff appellee.*

*Fred W. Harrison for defendant appellant.*

ARNOLD, Judge.

Defendant contends that the trial court erred when it dismissed his notice of appeal. Specifically, he argues that the words of the district judge on pages 15-22 of the record were not such as to constitute the entry of a judgment.

G.S. 1A-1, Rule 58 defines the entry of judgment as follows: "... where judgment is rendered in open court, the clerk shall make a notation in his minutes ... and such notation shall constitute the entry of judgment. ..." The record before us indicates that the judgment in this case was "entered" in open court on 8 August 1980, and that the defendant and his counsel were present in court at the time the judgment of the court was

stated. An appeal in a civil action, when taken by written notice, must be taken within ten days after entry of judgment. G.S. 1-279(c); Rule 3(c), N.C. Rules of Appellate Procedure. Here the judgment was entered 8 August and notice of appeal was given on 19 August. Since the ten-day period was exceeded, the appeal was properly dismissed.

The order of the trial court is

Affirmed.

Judges HEDRICK and WEBB concur.