GULOTTA, Judge.
Dora Indovina, a divorced wife, appeals from a judgment dismissing her rule for past-due alimony and child support filed against he ex-husband, Carl Wilkerson. We reverse and remand the matter to the trial court for further proceedings.
The March 1, 1965 divorce decree provided that Carl was to pay $35.00 per week alimony and child support for one child, Donna Lynn Wilkerson born on March 3, 1960. From November, 1972 until November, 1977, Carl was prosecuted in the Juvenile Court for the Parish of Orleans at various times for neglecting to provide support for Donna. On November 10,1977, the judge of the Juvenile Court, after granting credits “considering the fact that the dependent child ... is now eighteen yeas of age and married”, ordered Carl to pay $332.50 in arrearage, plus costs. He then dismissed the charge.
On January 23,1980, Dora filed a petition for contempt and for executory judgment for past-due alimony in the Civil District Court, alleging that Carl had failed to pay $35.00 per week alimony and child support since March 3, 1978. The matter was tried on a stipulation by counsel that Carl had not made any payment to Dora after the child, Donna, had reached majority. It was further stipulated that Carl had left the juvenile court with the understanding that he did not have to pay any more money to Dora. The trial judge thereafter dismissed Dora’s rule for arrearage on the ground that “. .. the matter has been judicially determined heretofore by the juvenile court. . ,"
On appeal, Dora contends the trial judge erred in relying on a juvenile court judgment in non-support case to annul or vacate the original judgment of the district court awarding Dora $35.00 per week for alimony and child support en globo. Dora further argues that even though the child reached majority on March 3, 1978, Carl could not unilaterally stop payment since the original judgment did not spell out precisely how much was granted for alimony and how much for child support and that his only recourse was to file a motion to reduce. Accordingly, Dora contends the judgment appealed from should be reversed and an executory judgment rendered by this court for the full amount of his arrearages from March 3, 1978 through the present at the rate of $35.00 per week.
Although we find merit to Dora’s argument that the juvenile court’s dismissal of the case did not constitute a full determination of the rule before the district court,[1] we decline toward support payments from the date Donna reached majority until the present.
When Donna reached the age of eighteen, Carl no longer owed her a legal duty of support. Because the award of $35.00 per week was for both alimony and child support, however, he could not unilaterally discontinue making the entire payment to Dora when Donna reached majority. Dora is therefore entitled to a part of the $35.00 weekly payment in alimony. Accordingly, it becomes necessary to ascertain the amount owed in accumulated alimony unpaid by Carl. Once that proportional amount owed to Dora as alimony is determined, the arrearage can be assessed to the present. Carl cannot be held liable, however, for any portion of the award that was attributable to Donna’s support.
*1260 In so holding, we are aware of the prevailing doctrine that a father is not entitled, without seeking court modification of a judgment, to reduce child support payments on a pro rata basis where there is an en globo award for child support for more than one child and where one of the children reaches majority. See Halcomb v. Halcomb, 352 So.2d 1013 (La.1977); Wisdom v. Wisdom, 356 So.2d 1111 (La.App. 2nd Cir. 1978); Blankenship v. Blankenship, 382 So.2d 982 (La.App. 1st Cir. 1980); Bordelon v. Bordelon, 380 So.2d 110 (La.App. 1st Cir. 1979). Nonetheless, those cases are distinguishable from the instant case since Donna is an only child and no en globo award for support of more than one child is involved. No prejudice to other children is involved in our case and Dora’s right to alimony can adequately be protected by the trial court’s determination on remand.
Accordingly, the judgment of the trial court is reversed and set aside. The matter is now remanded for further proceedings consistent herewith.
REVERSED AND REMANDED.

. As pointed out in Collette v. Olivier, 309 So.2d 894 (La.App. 3rd Cir. 1975), application denied, 313 So.2d 827 (La.1975), cited by Dora, there is no concurrent jurisdiction between a criminal court acting on a charge against a father for non-support of his children and a civil district court in a proceeding for divorce. Thus, in Collette it was held that an order suspending payments by a father during the course of criminal proceedings on a complaint of non-support did not supersede or vacate a civil judgment awarding child support. Similarly, in our case, the judgment of juvenile court dismissing the case against Carl for nonsupport and instructing him that no further payment was necessary did not have the effect of relieving him from payment of the entire $35.00 per week en globo award for alimony and child support rendered by the civil district court. The trial judge erred, therefore, in holding that the entire matter had been determined by the juvenile court’s judgment.