DON FRANKLIN REECE v. SARAH S. REECE

No. 8119DC532

(Filed 20 July 1982)

1. Trials § 3— motion for continuance properly denied

The trial court properly denied plaintiff's motion for a continuance which was made on the grounds that his attorney was ill since the plaintiff was represented by his attorney's associate, the hearing involved only the brief

testimony of the plaintiff and defendant, and since there was evidence that it had taken over seven years to get the plaintiff in court.

2. **Divorce and Alimony § 24.11— child support—civil contempt action—finding of means to comply with support order**

   In a civil contempt action arising from plaintiff's failure to pay child support, findings that the plaintiff had resources upon which to pay at least a portion of his arrearage and had not done so, and that the plaintiff was earning from $11,000 to $24,000 a year since 1974 were findings which constituted a determination that the plaintiff had the present means to comply with the order of the court.

APPEAL by plaintiff from *Hammond, Judge.* Order entered 20 January 1981 in District Court, RANDOLPH County. Heard in the Court of Appeals 14 January 1982.

The plaintiff and defendant were divorced in Randolph County and on 14 February 1973, plaintiff was ordered to pay the defendant $40.00 a week for the support of their child. On 23 December 1980 the defendant moved the court for an order adjudging the plaintiff in contempt of court. The plaintiff moved for a continuance on the grounds that his attorney was ill and the attorney's associate had no prior experience with this case. The defendant opposed the motion on the grounds that she had tried unsuccessfully to locate the plaintiff in North Carolina, Florida, and Texas since 1973; that on one occasion she successfully served the plaintiff in North Carolina but he left the state and did not appear in court; and that the plaintiff was finally present in court. The court denied the motion for a continuance.

At trial, the defendant testified that the plaintiff was delinquent in child support payments in the amount of $14,292.20; that she attempted to collect the arrearage in the past; that she finally located him in Texas; that a Texas court ordered him to pay the defendant $25.00 per week; and that since that order, he has paid $25.00 per week to the defendant. The plaintiff testified that he lived in a rented trailer with his second wife in Texas; that they own no real property; and that his wife owns a Cadillac. He said his yearly earnings were $16,000.00 in 1972; none in 1973 or 1974; $11,000.00 in 1975, 1977, 1978 and 1979; $18,000.00 in 1976; and $24,000.00 in 1980. He testified that he was injured in 1973 and out of work for over a year; that he has worked continuously since 1974; and that he had made no child support payments from

the date of his accident until September 1980 when so ordered by the Texas court.

The court found the plaintiff had resources upon which to call to pay at least a portion of his arrearage and has without excuse failed to do so. The court adjudged that the plaintiff was in willful contempt of court and ordered that he be confined to the county jail until he purged himself of contempt by paying $14,292.20 to be applied to his child support arrearage. The plaintiff appealed.

*Bell and Browne, by Charles T. Browne and W. Edward Bunch, for plaintiff appellant.*

*Beck and O'Briant, by Lillian B. O'Briant, for defendant appellee.*

WEBB, Judge.

The plaintiff makes two assignments of error to the court's order; first, that the court erred by denying his motion for a continuance; and second, that the court could not properly confine him in jail for contempt without making a finding of fact that he had the present means to comply with the order. For the reasons stated herein, we affirm the order of the trial judge.

[1] "Continuances are not favored and the party seeking a continuance has the burden of showing sufficient grounds for it. . . . a motion to continue is addressed to the sound discretion of the trial judge, who should determine it 'as the rights of the parties require under the circumstances.'" *Shankle v. Shankle,* 289 N.C. 473, 482, 223 S.E. 2d 380, 386 (1976). In the case sub judice, the plaintiff was represented by his attorney's associate. Although the associate was unfamiliar with the case, the hearing involved only the brief testimony of the plaintiff and defendant. There was evidence that it had taken over seven years to get the plaintiff in court. He had already failed to appear in court once after being properly served, having left the state. We believe that under these circumstances, the judge properly denied the plaintiff's motion for a continuance. The plaintiff's first assignment of error is overruled.

[2] A defendant in a civil contempt action will be fined or incarcerated only after a determination is made that the defendant

is capable of complying with the order of the court. *Jolly v. Wright*, 300 N.C. 83, 265 S.E. 2d 135 (1980). In the instant case, the trial judge found "The plaintiff had resources upon which to call to pay at least a portion of his arrearage and he has not done so." The court also found that the plaintiff was earning from $11,000.00 to $24,000.00 a year since 1974. These findings were supported by the evidence. We believe this constitutes a determination that the plaintiff has the present means to comply with the order of the court. The plaintiff's second assignment of error is overruled.

Affirmed.

Judges MARTIN (Robert M.) and WELLS concur.