CLAUDINE JOHNSON GATES (SPEISER) v. ROY LEE GATES

No. 8322DC826

(Filed 3 July 1984)

1. **Appeal and Error § 14; Rules of Civil Procedure § 58— entry of judgment—no
   sum certain—no direction by trial judge—appeal timely**
   The trial court's order requiring defendant to resume child support
   payments until the child reached 21, married, died or became self-supporting
   was not for a sum certain, and entry of judgment therefore depended on the

direction of the trial judge pursuant to G.S. 1A-1, Rule 58; however, where no direction appeared in the record, but at a hearing on plaintiff's original motion to dismiss defendant's appeal the trial judge ruled that he did not direct entry of judgment on 13 January 1983 and that judgment therefore did not become effective until the written order of 21 January 1983, and the trial judge ordered the erroneous entry stricken under G.S. 1A-1, Rule 60(a), then judgment was in fact entered on 21 January and defendant's motion to amend the findings of fact on 31 January was timely, thus preserving his right to appeal.

**2. Divorce and Alimony § 24.10— child support—age of emancipation changed— obligation terminated**

Where defendant's 1964 confession of judgment provided for child support until the age of 21 or until the youngest child "should become self-supporting [or] marry" and further stated defendant's desire to provide for his minor children until they became of legal age, and the age of majority was changed in 1971, the terms of the confession of judgment obligated defendant to pay only until the youngest child reached 18, not 21.

**3. Divorce and Alimony § 24.4— child support—unilateral reduction improper— defendant in contempt**

Defendant could not unilaterally reduce child support payments because of the remarriage of plaintiff and majority of one of the children but instead should have applied to the trial court for relief, and failure to do so amounted to contempt.

**4. Divorce and Alimony § 27— attorney's fees—insufficiency of findings**

The trial court's finding describing in general terms what services plaintiff's attorney had rendered was insufficient to support an award of $600 for attorney's fees in a child support case.

Judge WELLS dissenting.

APPEAL by defendant and cross appeal by plaintiff from *Fuller, Judge.* Order entered 21 January 1983 in District Court, DAVIDSON County. Heard in the Court of Appeals 4 May 1984.

*Brinkley, Walser, McGirt, Miller & Smith, by Stephen W. Coles and Charles H. McGirt, for defendant appellant.*

*J. Calvin Cunningham and Charles E. Frye, III for plaintiff appellee.*

BECTON, Judge.

A father who unilaterally reduced support payments appeals from an order directing resumption of payments and payment of arrears and attorney's fees. Because of an error of law in computing the arrears, we remand.

I

Defendant father, Roy Gates, and plaintiff mother, Claudine Gates, now Speiser, separated in 1964. They had two children: Richard, born 29 June 1954, and Mary Robin, born 13 April 1963. On 29 April 1964 the father signed a confession of judgment which contained the following provision:

> Roy Lee Gates the defendant . . . does hereby confess judgment in favor of the plaintiff . . . for payments to her for alimony and separate maintenance for herself and for subsistence, support and maintenance of the minor children of their marriage . . . in the following manner and amounts: $30.00 on the 4th day of May, 1964, and a like amount of $30.00 on Monday of each succeeding week thereafter until all and each of the following events shall have occurred:
>
> (1) The youngest of the aforesaid children shall reach the age of 21 years or should become self-supporting, marry, or die prior to reaching 21 years of age.
>
> (2) The said wife shall die or remarry.

The confession of judgment stated the father's desire "to provide alimony for his said wife, until her death or re-marriage and to provide for the support and maintenance of the minor children of the said marriage, . . . until they become of legal age."

In an Order entered 25 May 1970 the trial court found that the existing level of support was inadequate, and ordered the father to pay an additional $15 per week in child support, bringing the total to $45 per week. In 1974, the mother remarried. Without obtaining a court order, the father thereupon reduced the payments by two-thirds because of the remarriage and because the son had reached 18 and become self-supporting. The son was 20 at the time. The father ceased payments altogether when the daughter graduated from high school at the age of 18 in June 1981.

On 15 October 1982 the mother filed a motion asking that the father show cause why he should not be held in contempt for failure to comply with the court amended confession of judgment. After an evidentiary hearing, the trial court found the father in willful contempt and ordered him to pay $13,500 in arrears and

$600 in attorney's fees, and to resume regular payments of $45 per week. This Order, filed 21 January 1983, is the subject of the father's appeal. The mother cross appeals from a later Order denying her motion to dismiss the father's appeal.

## II

[1]   We first address the mother's cross appeal, as well as her motion to dismiss filed with this Court; both seek dismissal of the father's appeal. The trial judge announced his decision in open court on 13 January 1983 and directed the mother's attorney to prepare a written order. The Order, filed 21 January 1983, directed the father to pay $13,500 in arrears and $600 in attorney's fees, and to resume regular payments of $45 per week. On 31 January 1983 the father filed a motion to amend the findings of fact pursuant to N.C. Gen. Stat. § 1A-1, Rule 52(b) (1983). That motion was denied 7 March 1983, and the father filed notice of appeal the same day. Contending that the Order was entered 13 January 1983, the mother moved to dismiss in the trial court for failure to give timely notice of appeal. The trial court denied the motion, which the mother renews here; her cross appeal raises the same issues.

Since Rule 52(b) allows motions to amend findings within 10 days of entry of judgment, and since such a motion tolls the running of the period for giving notice of appeal, 4A N.C. Gen. Stat. App. I(2A), N.C. R. App. P. 3(c)(ii) (Supp. 1983), the decisive question is whether judgment was entered 13 January or 21 January 1983. If the clerk's notation of the trial court's oral order of 13 January constituted entry of judgment, the Rule 52(b) motion was not timely and the father's appeal is subject to dismissal. If, on the other hand, judgment was not entered until the filing of the written order on 21 January 1983, the Rule 52(b) motion was timely and the father has preserved his right to appeal. Determination of this question requires application of N.C. Gen. Stat. § 1A-1, Rule 58 (1983), which provides in pertinent part:

> Subject to the provisions of Rule 54(b): Upon a jury verdict that a party shall recover *only a sum certain or costs or that all relief shall be denied* or upon a decision by the judge in open court to like effect, the clerk, in the absence of any contrary direction by the judge, shall make a notation in his minutes of such verdict or decision and such notation shall

constitute the entry of judgment for the purposes of these rules. The clerk shall forthwith prepare, sign, and file the judgment without awaiting any direction by the judge.

In other cases where judgment is rendered in open court, the clerk shall make a notation in his minutes *as the judge may direct* and such notation shall constitute the entry of judgment for the purposes of these rules. The judge shall approve the form of the judgment and direct its prompt preparation and filing. [Emphasis added.]

The trial court's judgment required the payment of arrears and attorney's fees totalling $14,100 and payment of $45 per week until all the conditions in the confession for judgment were met. This entailed payment until Robin Gates reached 21, died, married or became self-supporting before reaching 21. None of these conditions obtained at the time of the order, when Robin Gates was not yet 21. She could die, marry, or become self-supporting before reaching that age, and therefore the amount due remained indefinite. We therefore hold that the judgment was not for a "sum certain." *See* Black's Law Dictionary 1287 (5th ed. 1979); N.C. Gen. Stat. § 25-3-106 (1965); *Id.* official comment; *Branch Banking and Trust Co. v. Creasy*, 301 N.C. 44, 269 S.E. 2d 117 (1980). Therefore the first paragraph of Rule 58 did not apply. Entry of judgment depended instead on the direction of the trial judge under the second paragraph. In the present case, no direction appears in the record. At a hearing on the mother's original motion to dismiss the father's appeal, the trial judge ruled that he did not direct entry of judgment on 13 January 1983 and that judgment therefore did not become effective until the written order of 21 January 1983. The trial judge ordered the erroneous entry stricken under N.C. Gen. Stat. § 1A-1, Rule 60(a) (1983).

Unfortunately, the cases do not provide us with clear guidance as to the validity of the trial judge's action in the case *sub judice*. The inattention of the trial bench to the directory mandate of the second paragraph of Rule 58 has resulted in conflicting decisions on the dismissal of appeals for failure to give timely notice following entry of judgment. In *Arnold v. Varnum*, 34 N.C. App. 22, 237 S.E. 2d 272, *disc. rev. denied and appeal dismissed*, 293 N.C. 740, 241 S.E. 2d 513 (1977), we upheld a ruling denying dismissal of the appeal when the trial judge subsequently

ruled that he did not intend to direct judgment in his oral order, even though the order effectively denied all relief. In *Byrd v. Byrd*, 51 N.C. App. 707, 277 S.E. 2d 472 (1981), on the other hand, we upheld a dismissal even though the relief granted was complex and no specific direction appeared in the record. *See also Story v. Story*, 27 N.C. App. 349, 219 S.E. 2d 245 (1975) (similar facts). But in *Taylor v. Triangle Porsche-Audi, Inc.*, 27 N.C. App. 711, 220 S.E. 2d 806 (1975), *disc. rev. denied*, 289 N.C. 619, 223 S.E. 2d 396 (1976), the absence of any actual direction to enter judgment was held to make the clerk's notation ineffective as entry. Relying on *Taylor* and the literal language of the rule, Shuford takes the position that the trial judge must give "actual" direction. W. Shuford, *North Carolina Civil Practice and Procedure* § 58-5 (2d ed. 1981). This mirrors the federal decisions, which have consistently held that the identical federal rule gives the clerk no power to enter judgment under the second paragraph of Rule 58 absent a specific direction from the court. *See* 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2784 (1973); *Trans-America Ins. Co. v. Cannon-Lowden Co.*, 400 F. Supp. 817 (D. Mont. 1975).

Obviously, the better practice is for the trial judge to specifically direct the clerk as to entry of judgment, and for the parties to ensure that the provisions of such direction are included in the record on appeal. However, we agree with the result in the present case, supported at least in part by the case law. *Arnold v. Varnum.* As discussed above, the father's notice of appeal was thus timely under the tolling provisions of 4A N.C. Gen. Stat. App. I (2A), N.C. R. App. P. 3(c) (Supp. 1983). The motion to dismiss and the cross appeal are denied, and we proceed to consider the merits.

### III

[2] The father brings forward numerous assignments of error, only a few of which require our detailed examination. Foremost among them is his contention that the trial court erred in ruling that the alimony and child support provisions of the 1964 order were not disjunctive and that accordingly he remained obligated to pay until all the conditions as set forth therein were met. We agree that the court incorrectly applied the law to arrive at this result.

At the time the father signed the confession of judgment in 1964, the age of majority was 21, as it had been at common law. In the 1971 N.C. Sess. Laws ch. 585, § 1, as codified at N.C. Gen. Stat. ch. 48A (1976), the General Assembly abrogated the common-law definition and provided instead that "[a] minor is any person who has not reached the age of 18 years." These changes became effective 5 July 1971. *Shoaf v. Shoaf*, 282 N.C. 287, 192 S.E. 2d 299 (1972). On 5 July 1971 the courts of North Carolina lost their authority to say that a parent's legal obligation to pay support continues to twenty-one. *Id.* Therefore, the *Shoaf* Court held, a consent judgment providing for child support payments until majority or emancipation, entered into when the common-law definition controlled, could not be enforced if the child had reached 18 after the effective date of G.S. ch. 48A. In *Loer v. Loer*, 31 N.C. App. 150, 228 S.E. 2d 473 (1976), this Court followed *Shoaf* in interpreting a provision of a separation agreement requiring child support payments until the child reached 21 or became emancipated. We relied in *Loer* on the clearly expressed intent of the parties to provide for support until emancipation, that is, until the legal obligation of the supporting parent terminated. Of course, the rule in *Shoaf* and *Loer* does not affect the rights of parents to assume contractual obligations to provide more support than the law requires. *See Shaffner v. Shaffner*, 36 N.C. App. 586, 244 S.E. 2d 444 (1978).

We believe that the rules enunciated in *Shoaf* and *Loer* apply equally to the confession of judgment in this case. *See Farmers' Bank of Clayton v. McCullers*, 201 N.C. 440, 160 S.E. 494 (1931) (effect of confession of judgment); 49 C.J.S. *Judgments* § 134 *et seq.* (1947). The judgment provided for support until the age of 21 or until the youngest child "should become self-supporting [or] marry." These provisions by themselves constitute substantial evidence of the intent to provide support only until the end of the legal obligation at emancipation, since the enumerated grounds are the principal bases for emancipation. *See Warren v. Long*, 264 N.C. 137, 141 S.E. 2d 9 (1965) (dependency); *Church v. Hancock*, 261 N.C. 764, 136 S.E. 2d 81 (1964) (marriage); *Shoaf* (legal age). With the further recitation of the father's desire to provide for his *minor* children until they became *of legal age*, this intent is made crystal clear. Our interpretation accords with that of another court construing remarkably similar language. *Schmitz v.*

*Schmitz*, 70 Wis. 2d 882, 236 N.W. 2d 657 (Wis. 1975) (only substantive difference—lack of provision for death). Therefore, we hold that the child support terms of the confession of judgment only obligated the father to pay to age 18, not 21.

By its terms the confession of judgment provided that payments would continue until the last of the following events: the mother's death or remarriage and the attainment of majority of the youngest child. It is undisputed that the mother remarried in 1974, and that the daughter turned 18 on 13 April 1981. Therefore no court of this state had authority to compel the father to pay anything under this judgment after 13 April 1981. *Shoaf*; *Loer.* Accordingly, the court's order of 21 January 1983 is erroneous insofar as it (1) orders the father to pay arrears which accrued after 13 April 1981, and (2) orders him to resume regular weekly payments. The father's assignments of error relative to the effect of the daughter's status after 13 April 1981 are thus rendered moot.

## IV

[3]   We now must decide (1) whether the father could unilaterally reduce payments between 1974 and 1981 because of the remarriage of the mother and the majority of the son, and (2) if not, whether such reduction constituted willful contempt as found by the trial court.

## A

The answer to the first question is clearly No. The proper procedure for the father to follow was to apply to the trial court for relief. *See* N.C. Gen. Stat. §§ 50-13.7 (Supp. 1983), 50-16.9 (1976); *Tilley v. Tilley*, 30 N.C. App. 581, 227 S.E. 2d 640 (1976). This he failed to do. He had no authority to unilaterally attempt his own modification. *Id.* In *Halcomb v. Halcomb*, 352 So. 2d 1013 (La. 1977), the Supreme Court of Louisiana reached the same result on similar facts. The *Halcomb* Court explained its decision thusly:

> [U]nless automatic reduction, modification or termination is provided for by operation of law, the award remains enforceable notwithstanding that a cause for reduction may have occurred which would, upon proper suit, warrant such a reduction. Support for this rule is found in a proper regard

for the integrity of judgments. Such a regard does not condone a practice which would allow those cast in judgment to invoke self-help and unilaterally relieve themselves of the obligation to comply. Any other rule of law would greatly impair the sanctity of judgments and the orderly processes of law. To condone such a practice would deprive the party, in whose favor the judgment has been rendered, of an opportunity to present countervailing evidence, and at the same time deny the judge an opportunity to review the award in light of the alleged mitigating cause which had developed since its rendition.

352 So. 2d at 1016. This policy applies equally in North Carolina. *Tilley.*

### B

If the father had no authority to reduce payments unilaterally, but did so nonetheless, does his action constitute contempt? We are aware of a line of cases allowing the supporting spouse to credit against payment expenditures and time periods the child spends with the supporting spouse, without being held in contempt. *Jarrell v. Jarrell*, 241 N.C. 73, 84 S.E. 2d 328 (1954); *Jones v. Jones*, 52 N.C. App. 104, 278 S.E. 2d 260 (1981). However, these cases involve actual out-of-pocket expenditures or situations in which the paying spouse provided the actual daily support. In the present case, by contrast, the amounts the father deducted did not correspond to any actual costs he paid, but rather to *his* perception of the proper modified level of payment. That determination must however rest with the courts. G.S. § 50-13.7 (Supp. 1983). We note also that, as a general rule, the credit theory has been used with considerable reluctance. *See* Annot., 47 A.L.R. 3d 1031 (1973). We therefore conclude that there is no support for ruling as a matter of law that the trial court erred in finding the father in contempt. Having reviewed the factual findings of the court, we further conclude that they amply support its conclusion that the father was in willful contempt. *See Henderson v. Henderson*, 307 N.C. 401, 298 S.E. 2d 345 (1983) (ability to pay and non-payment are the only required factors); *Reece v. Reece*, 58 N.C. App. 404, 293 S.E. 2d 662 (1982) (similar ruling).

## V

[4]  The court awarded the mother attorney's fees of $600. The one finding supporting the award simply described in general terms what services her attorney had rendered. This sole finding will not support the award. *See Clark v. Clark*, 301 N.C. 123, 271 S.E. 2d 58 (1980) (alimony case); *Falls v. Falls*, 52 N.C. App. 203, 278 S.E. 2d 546, *disc. rev. denied*, 304 N.C. 390, 285 S.E. 2d 831 (1981) (child support case). It is accordingly vacated.

## VI

Having found several substantial errors, we now must fashion appropriate relief. A substantial portion of the obligations which underlay the original judgment had terminated in 1974 when the father unilaterally reduced payments. We believe it would work an injustice to require him to pay according to the letter of the Order, especially when no demand for payment of arrears was made during a period of eight years. In similar cases involving child support, we have remanded for additional proceedings to prevent such an injustice. *Beverly v. Beverly*, 43 N.C. App. 60, 257 S.E. 2d 682 (1979); *Goodson v. Goodson*, 32 N.C. App. 76, 231 S.E. 2d 178 (1977); *see also Wilkerson v. Indovina*, 405 So. 2d 1258 (La. Ct. App. 1981) (combined alimony and child support; remanded for determination of accumulated alimony). The rationale of these cases applies equally here, and we therefore vacate the order and remand for further proceedings.

This result does not mean that any reduction need eventually be made. The court may find that although the mother had remarried and the son had become an adult, the daughter's needs continued to merit payment of the entire $45 per week. This cannot be ascertained from the present record however, and further proceedings consistent with this opinion are therefore necessary.

Vacated and remanded.

Judge JOHNSON concurs.

Judge WELLS dissents.

Judge WELLS dissenting.

In my opinion, defendant's appeal was not timely made. I respectfully disagree with the majority decision as to the requirements of N.C. Gen. Stat. § 1A-1, Rule 58 of the Rules of Civil Procedure (1982), and vote to dismiss the appeal.