CAROLE M. GRADY (NOW MOORE) v. JOHN W. GRADY

No. 754DC1055

(Filed 5 May 1976)

Husband and Wife § 11— support provided in separation agreement — continuation beyond divorce — intention of parties

In an action to have defendant pay the arrearages due under a separation agreement and to require defendant to continue the monthly payments as set forth in the separation agreement, the trial court did not err in refusing to allow defendant's evidence that, at the time the separation agreement was signed, it was his intention and understanding that the support payments were to cease upon divorce of the parties and his evidence in support of that contention that plaintiff had made no demand for payment from the time of the divorce until the commencement of this action, a period of 18 months.

APPEAL by defendant from *Henderson, Judge.* Judgment entered 29 August 1975 in District Court, ONSLOW County. Heard in the Court of Appeals 8 April 1976.

Plaintiff's complaint alleges that she and defendant entered into a separation agreement on 2 February 1972, and they were divorced on 8 February 1973. The separation agreement contained the following provision: "That the husband does hereby agree to pay to the wife for her maintenance and support the sum of One Hundred Dollars ($100.00) each and every month commencing with the month of February, 1972, said support pay-

ment to be due and payable on or before the 10th day of each calendar month."

It is alleged that defendant has made no payments since 1 February 1973, and plaintiff prays that defendant be required to pay the arrearages and continue the monthly payments as set forth in the separation agreement.

Jury trial was waived. Defendant moved that he be allowed to offer evidence that at the time the separation agreement was signed it was his intention and understanding that the support payments were to cease upon divorce of the parties. Defendant also moved for permission to introduce evidence that plaintiff had made no demand for payment from the time of the divorce until the commencement of this action. Both motions were denied.

The court held that defendant's obligation under the separation agreement to make support payments did not terminate upon the divorce. Defendant was ordered to pay $3,100.00 as arrearages due from February, 1973, through the end of August, 1975. He appealed to this Court.

*Gene H. Kendall for plaintiff appellee.*

*Bailey & Gaylor, by Edward G. Bailey, for defendant appellant.*

ARNOLD, Judge.

Defendant contends that the court erred in not permitting his testimony. He argues that the separation agreement is ambiguous with respect to when the support payments will end, and he maintains that he should have been permitted to testify that it was his intention and understanding that the payments would cease upon divorce of the parties.

It is also argued by defendant that he should have been permitted to offer evidence that plaintiff had made no demand for payment since the divorce. He reasons that such evidence supports his contention that he was not required to make payments after the divorce.

The procedure in the trial court was somewhat irregular, but we disagree with defendant's contentions and find no error. The question of the intention of the parties at the time of the contract was a question of law for the court to determine. The

effect of the agreement is not controlled by what one of the parties intended or understood. Absent fraud or mistake the undisclosed intention of either party is immaterial. See *Root v. Insurance Co.*, 272 N.C. 580, 158 S.E. 2d 829 (1968).

There was no allegation of fraud or mistake. The court merely construed the language of an agreement written in clear and unambiguous language. The judgment requiring defendant to pay the arrearages due at the time of the judgment is

Affirmed.

Judges BRITT and VAUGHN concur.