SEITZINGER'S, INC., Plaintiff,

v.

The NATIONAL BANK OF WASHINGTON, and John W. Lyon, Defendants.

Civ. A. No. 78–1199.

United States District Court, District of Columbia.

May 23, 1980.

Allen V. Farber, Washington, D. C., for plaintiff.

Ronald G. Nathan, Tarrant H. Lomax, Washington, D. C., for defendants.

## MEMORANDUM

JOHN LEWIS SMITH, Jr., District Judge.

Seitzinger's, Incorporated, plaintiff, seeks payment from John W. Lyon pursuant to several personal guarantees he executed on behalf of Astron Manufacturing Corporation of which he was the majority shareholder and chairman of the board. Plaintiff invokes the diversity jurisdiction of the Court. The matter is now before the Court on plaintiff's motion for summary judgment.

From early 1976 until January, 1978, Seitzinger's, an Atlanta smelting and refining company, supplied lead products to Astron for use in its manufacture of batteries. During the summer of 1977, Seitzinger's became concerned about Astron's financial position and sought assurances that payment would be made for its shipments of lead and lead alloys. Upon request, Mr. Lyon executed and issued two personal guaranties obligating himself to pay Astron's debts to Seitzinger's, the first on August 31 for $150,000 and the second on December 24, 1977, for $200,000. On the second guarantee Mr. Lyon included a signature line for Rodney Smith, an officer of Astron, and a hand written notation revoking the earlier guarantee.

Astron stopped paying Seitzinger's during the fall of 1977 and early 1978. In March, 1978, Astron commenced proceedings under Chapter 11 of the Bankruptcy Code. Plaintiff thereafter sought payment from the National Bank of Washington, which had issued two letters of credit on behalf of Astron. The bank honored claims under the first letter, but refused to pay under the second because Seitzinger's presented its claim after the expiry date of the letter. Defendant refused payment under either of his guarantees.

■ Mr. Lyon contends that he is not liable under the first guarantee for three reasons. First, there was no consideration for the guarantee and therefore it is not enforceable. Plaintiff has established by affidavits from its two top executives that had Mr. Lyon not provided the personal guarantee, it would have stopped shipping to Astron. Extension of credit to a debtor constitutes consideration for a guarantee executed by a third party on behalf of the debtor and in favor of the creditor. *Ebner v. Gulf Oil Corporation*, 99 Ga.App. 586, 109 S.E.2d 81 (1959). Plaintiff continued to ship to Astron once Mr. Lyon had provided the personal guarantees. The language of the guarantee itself also makes clear that there was consideration.

> GUARANTY given by the undersigned, [Mr. Lyon] . . . to Seitzinger's, Inc., hereinafter called the Company, in order to induce it to extend credit to, or otherwise become the creditor of ASTRON MANUFACTURING CO., an Illinois corporation, . . . .

■ Second, defendant contends that the guarantee is not enforceable because he was not on notice that plaintiff either accepted the guarantee or advanced credit under the guarantee. If a guarantor's undertaking is affirmative and the maximum amount of the guarantee is specified, notice is not required. The guarantee becomes a valid bilateral commitment once credit is extended. *Wehle v. Baker*, 97 Ga.App. 111, 102 S.E.2d 661 (1958). Mr. Lyon's promise to pay Seitzinger's for credit extended to Astron was an affirmative undertaking and the amount under the guarantee was fixed. Seitzinger's proceeded to advance Astron credit after Mr. Lyon executed the guarantee. For these reasons, notice was not required.

■ Finally, defendant argues that the December 24 guarantee revoked the August 31 guarantee. Although there may have been such a revocation, defendant does not deny that this revocation would only be effective as to purchases made after the date of the alleged revocation, and that he would still be liable for purchases and deliveries made between August 31 and December 24. The guarantee provides:

> This GUARANTY is continuing and shall remain in full force and effect until revoked by the GUARANTORS in writing to the COMPANY [Seitzinger's], but such revocation shall be effectual only as to claims of the COMPANY which arise out of transactions entered into after its receipt of such notice.

The language of revocation contained in the December 24 guarantee does not relieve Mr. Lyon of liability for the twelve purchases made between August 31 and December 24.

Defendant argues that the second guarantee is unenforceable for two of the reasons set forth above: lack of consideration and lack of notice. He does not contend that the second guarantee has been revoked.

Plaintiff has demonstrated by affidavits of its two top executives that Astron's continued failure to pay its existing debts in late 1977 moved it to request further financial assurance from Mr. Lyon. Upon receipt of defendant's December 24 guarantee, plaintiff extended further credit to Astron. As noted above, the extension of credit comprises valid consideration and the guarantee is not unenforceable for want of consideration.

■ Defendant then argues that the guarantee is not enforceable because he intended that it not become effective until signed by his partner, Rodney Smith. The guarantee form delivered to plaintiff contained a signature line for Mr. Smith, but it

is uncontroverted that Mr. Smith played no role in the guarantee negotiations and that he was unaware of the signature line on the guarantee. There is no evidence that defendant ever indicated to Seitzinger's that the guarantee was not to be effective until signed by Mr. Smith. Along with the second guarantee, plaintiff received a note from Mr. Lyon that read:

> Enclosed is the replacement personal guaranty form. You should have the additional letter of credit shortly.

> /s/ John W. Lyon

An undisclosed intention is not to be considered in the process of construing and enforcing a contract. *Grady v. Grady*, 29 N.C.App. 402, 224 S.E.2d 282 (1976).

It is evident that the second guarantee, in the amount of $200,000, is supported by valid consideration, is not unenforceable on the ground that defendant was without notice that plaintiff would rely on the guarantee, and does not suffer from a defect in form because it was not signed by Mr. Smith. Mr. Lyon is liable on the second guarantee.

■ There remains the question of the amount of recovery. Plaintiff made fifteen shipments to defendant during the period covered by the two guarantees. The total value of these sales amounts to $164,947.90. Defendant attempts to raise an issue concerning price, but the invoices and accompanying price-basis statement for each shipment covered by the guarantees contain all the essential and material contract information. It is uncontradicted that this is how Seitzinger's and Astron had been conducting their business since 1976. The issue here is not whether Astron received the best possible deal under all the circumstances, but whether defendant entered into a contract obligating himself to pay Astron's debts. At no time during the course of their dealings did Astron object to the price charged by Seitzinger's. Indeed, in their Chapter 11 filing the firm listed Seitzinger's claim for $164,947.90 as one as to which there was no dispute. Defendant is liable to Seitzinger's in the full amount.

■ Defendant is also liable, by the terms of each of the guarantees, to pay "costs and collection, including reasonable attorneys' fees and court costs." Parties to a contract may, as here, provide for the payment of collection costs, including attorney's fees. *Bowers v. Fulton County*, 227 Ga. 814, 183 S.E.2d 347 (1971). On January 28, 1978, Astron received Seitzinger's final shipment and from that date plaintiff has not had use of the compensation that was due. In order to award plaintiff full compensation, pre-judgment interest is appropriate. Plaintiff will also be entitled to post-judgment interest from the date of the judgment. Georgia Code § 57–108; 15 D.C. Code § 109 (1973).

It appearing to the Court that there are no genuine issues as to any material facts in this case, and that plaintiff is entitled to judgment as a matter of law, plaintiff's motion for summary judgment is granted. An order consistent with this memorandum follows.