LILLIAN RUTH MILLS v. CHARLIE WILLIAM MILLS.

(Filed 19 September 1962.)

**1. Divorce and Alimony § 18—**

The failure of the court to make a specific finding that the husband was able to pay the alimony *pendente lite* awarded to the wife is not fatal, the order itself indicating that the court considered the allowance to be reasonable and there being plenary evidence to support such finding.

**2. Same—**

The husband's allegations that during the pendency of the action the wife had engaged "in amorous conduct" is insufficient to raise the question of adultery for the determination of the court before ordering alimony *pendente lite*.

APPEAL by defendant from *Parker, J.*, June Term 1962 of PITT.

Civil action instituted October 16, 1961, under G.S. § 50-16 for

alimony without divorce.

After the filing of complaint and answer, Judge Bone, on November 9, 1961, entered an order that defendant, *pendente lite*, pay $150.00 per month for the support of plaintiff and $150.00 as a fee for plaintiff's counsel. Defendant made the payments required by Judge Bone's said order until there was a resumption of marital relations between plaintiff and defendant.

On June 14, 1962, plaintiff served notice on defendant that, at a time and place specified, she would move before Judge Parker for leave to file an amended complaint, as per copy attached to notice, and also move for an order providing, *pendente lite*, for her support and for an allowance of fee to her counsel.

The cause came on for hearing before Judge Parker upon plaintiff's complaint and amended complaint and defendant's answers thereto and upon affidavits offered by plaintiff and defendant. On June 28, 1962, Judge Parker entered an order in which he made these findings of fact, *viz:*

"FIRST: That the original complaint was filed in the Office of the Clerk of the Superior Court of Pitt County on October 16, 1961, and that Answer thereto was duly filed in said Clerk's office on October 31, 1961.

"SECOND: That the matter came on to be heard before the Honorable Walter J. Bone on the 9th day of November, 1961, and thereafter an Order was duly entered as appears of record in the proceedings allowing the petitioner Lillian Ruth Mills the sum of One Hundred and Fifty Dollars ($150.00) per month commencing November 15, 1961, and the attorneys for petitioner, Messrs. James & Hite, the sum of One Hundred and Fifty Dollars ($150.00) as Counsel fees.

"THIRD: That after a period of a few weeks the petitioner and the respondent resumed their marital relationship that existed prior to the filing of the original Complaint herein on condition that the respondent refrain from the acts and conduct set out in the original Complaint, in the Amended Complaint, and particularly on condition that he should break off his relationship with one, Mamie Hindershoot (sic), by whom he had allegedly fathered a child and such status continued until on or about February 1, 1962, when the parties separated again.

"FOURTH: That thereafter, the petitioner filed an Amended Complaint in the Office of the Clerk of the Superior Court of Pitt County on June 28, 1962, and set out therein allegations of misconduct on the part of the respondent in addition to those prev-

iously alleged in the original Complaint and thereafter, to wit, on June 28, 1962, the respondent duly filed Answer thereto.

"FIFTH: The Court finds as a fact that petitioner and respondent own as tenants by entirety a home in Greenville, Pitt County, North Carolina, which is now occupied by respondent and under his control, and also a home in Rocky Mount, North Carolina, which is now occupied by the petitioner.

"SIXTH: The Court further finds as a fact from a full and complete perusal of the petition and affidavits supporting the same both for the petitioner and the respondent, that the respondent has failed and refused to abide by the conditions agreed to between him and petitioner at the time they resumed their marital relationship subsequent to November 9, 1961, and prior to the second separation on or about February 1, 1962, and that the conduct of the respondent has made the condition of the petitioner intolerable and burdensome to such an extent that the petitioner is justified in withdrawing from the said marital relationship formerly existing between the parties."

Judge Parker concluded that plaintiff was not entitled to an order "reviving and reinstating" the said order of Judge Bone. However, based upon the foregoing findings of fact, Judge Parker ordered that defendant, *pendente lite,* pay $150.00 per month, commencing July 1, 1962, for the support of plaintiff, and also $100.00 as partial compensation for services rendered by plaintiff's counsel, and that plaintiff, *pendente lite,* occupy the home in Rocky Mount owned by the parties as tenants by entirety.

Defendant excepted to designated findings of fact and conclusions of law and to the judgment and appealed.

*James & Hite for plaintiff appellee.*
*Albion Dunn for defendant appellant.*

PER CURIAM. The facts alleged in the complaint and in the amended complaint are sufficient to constitute a cause of action under G.S. § 50-16. Moreover, there was plenary evidence to support each of the court's findings of fact.

True, as contended by defendant, the court made no specific finding of fact as to defendant's ability to pay. Even so, defendant admits he is an able-bodied man; and evidence offered in his behalf is to the effect defendant is hard working, industrious, and attentive to his business. While not set forth as a specific finding of fact, the order itself indicates the court considered the allowances reasonable and

there is. plenary evidence to this effect. In these circumstances, the failure of the court to make a specific finding of fact as to defendant's ability to pay is not deemed a sufficient ground for disturbing the court's order.

As to defendant's contention that he had pleaded the adultery of his wife in bar of her right to alimony, and that plaintiff had not denied such plea, and that the court made no finding with reference thereto, it is noted: Defendant, in his answer to the original complaint, alleged plaintiff had committed adultery with a named person back in 1950 and that defendant had condoned her said unfaithful conduct. (Note: The first separation of plaintiff and defendant was in September, 1961.) Defendant, in his answer to the amended complaint, alleged plaintiff and a (different) named person, during the pendency of this action, had engaged "in amorous conduct." In our view, these allegations do not constitute a sufficient plea of adultery on the part of the wife to bar her right to alimony or to require a denial by the wife or to present an issue for determination by the court on plaintiff's motion for alimony and counsel fees *pendente lite*. No evidence was offered by defendant to support his said allegations.

As to plaintiff's procedure by filing amended complaint herein, see *Hester v. Hester*, 239 N.C. 97, 100, 79 S.E. 2d 248.

Defendant having failed to show any sufficient ground to disturb it, Judge Parker's interlocutory order of June 28, 1962, is affirmed.

Affirmed.