MARGARET JOHNSON BROWER (HOUGH) v. WILLIAM ROSS ODELL BROWER

No. 8415DC754

(Filed 2 July 1985)

1. Divorce and Alimony § 24.4— child support—dismissal of show cause order— underlying obligation not affected

An underlying past due child support obligation was not affected by the dismissal of the wife's show cause order where the grounds for the husband's motion to dismiss did not appear in the record and there was no order in the record specifically relieving the husband of his obligation. G.S. 50-13.4(f)(9) (1984). G.S. 5A-21 (1981).

2. Divorce and Alimony § 27— child support—attorney's fees—findings inadequate

An order requiring a husband to pay past due child support and $500 in the wife's attorney's fees was vacated and remanded where the order included no finding on the wife's good faith, the husband's refusal to provide adequate support, or the wife's inability to defray attorney's fees. Moreover, the court's sole finding as to the amount of attorney's fees was not specific enough to allow a determination of the reasonableness of the attorney's fees awarded, there was nothing in the record concerning the husband's gross income for any year, neither party testified to the net value of their real estate holdings, neither party testified about their debts other than the husband's mortgage, and there was no evidence of the value of the husband's business. G.S. 50-13.6 (1984).

3. Divorce and Alimony § 24.5— child support—reduction of arrearage—findings inadequate

The trial court erred by reducing the arrearage under a 1970 child support order for the period from 1980 through 1984 where the older child reached eighteen in 1979 and the younger child reached eighteen in 1984,

because there were no specific findings or evidence of the younger child's needs and expenses between 1979 and 1984 or the relative abilities of the parties to provide support. G.S. 50-13.7 (1984). G.S. 50-13.7 (1984).

4. **Divorce and Alimony § 24.1— child support—no credit for child's earnings, husband's purchase of automobile, or husband's inability to claim dependent deduction**

In an action for past due child support, the husband waived his right to credit for one son's earnings where there was no evidence that the husband ever objected to the child's receipt of earnings. The husband was also not entitled to credit for his inability to claim the sons as dependents for income tax purposes and there was no error in denying him credit for the purchase of two automobiles for his sons, considering the history of delinquent payments and the lack of the wife's consent to the voluntary expenditures.

5. **Rules of Civil Procedure § 58— child support—order drafted and signed by one judge and entered by another—no notice to parties—no prejudicial error**

In an action for past due child support, there was no prejudicial error in the entry of judgment in open court without notice to the parties by a judge other than the judge who drafted and signed the order because notice of appeal was timely filed. G.S. 1A-1, Rules 58 and 63.

APPEAL by defendant from *Peele, Judge.* Order and Judgment signed by *Peele, Judge,* 7 March 1984 and entered the same day by *Hunt, Judge,* in District Court, CHATHAM County. Heard in the Court of Appeals 12 March 1985.

*Edwards & Atwater, by Phil S. Edwards, for plaintiff appellee.*

*Ottway Burton for defendant appellant.*

BECTON, Judge.

This case deals with a contempt hearing pursuant to N.C. Gen. Stat. Sec. 50-13.9 (1984) to collect back child support.

The parties, Margaret Johnson Brower (Hough) and William Ross Odell Brower, were married on 2 July 1960 and separated on 17 March 1969. Since the separation their two children, William Allen Brower (born 28 September 1961) and Craig Odell Brower (born 8 January 1966) have lived with the wife.

In May 1969, the wife asked the trial court for alimony *pendente lite,* child support and attorney's fees. In a 20 February 1970 order, the trial court ordered the husband to pay seventy dollars in child support every two weeks to the office of the

Chatham County Clerk of Superior Court to be disbursed to the wife "until further order of the court." In 1975 and again in 1976 the wife instituted civil contempt proceedings against the husband for nonpayment of child support. In the first instance, Judge C. Cates ordered the husband jailed for thirty days, but this Court, in an unpublished opinion filed 16 June 1976, reversed based on the lack of evidence to support Judge Cates' finding of a willful refusal to pay. In the second instance, Judge Donald Lee Paschal granted the husband's motion to dismiss the wife's show cause order without explanation on the date set for hearing, 31 August 1976.

On 7 November 1983, the Chatham County Clerk of Superior Court instituted civil contempt proceedings against the husband pursuant to G.S. Sec. 50-13.9 (1984), alleging that the husband was $5,550 in arrears. After a hearing, Judge Stanley Peele drafted and signed an order on 7 March 1984 that was read and entered in open court the same day by Judge Patricia S. Hunt. Judge Peele ordered the husband to pay $3,670 in back child support and $500 in attorney's fees by 1 August 1985 or face "the imposition of the contempt powers of the court." The husband appeals.

The husband challenges (1) the award of child support which accrued before 1976, (2) the award of attorney's fees, (3) the calculation and payment of the arrearage, and (4) the authority of "a chief judge to order another district court judge in the same district to read his [the chief's] order in open court [when] neither the defendant nor his attorney were present or had any notice the order was entered or read in open court." Because the evidence and findings of fact do not support an award of attorney's fees to the wife or a reduction in the child support arrearage, we vacate and remand for further proceedings consistent with this decision.

I

[1]  According to the Chatham County District Court calendar for 31 August 1976, included in the record, Judge Paschal granted the husband's motion to dismiss the wife's 1976 show cause order. The grounds for the husband's motion do not appear in the record. Nor is there an order in the record specifically relieving the husband of his past due child support obligation. On appeal, the husband contends the dismissal of the contempt action cancelled

the accrued child support debt to that date. We disagree. At most, the dismissal signifies that the husband was not in contempt as of August 1976.

Although an order for child support is enforceable by civil contempt proceedings, N.C. Gen. Stat. Sec. 50-13.4(f)(9) (1984); N.C. Gen. Stat. Sec. 5A-21 (1981), a supporting party cannot be held in contempt unless the party willfully failed to comply with the support order. *Henderson v. Henderson*, 307 N.C. 401, 298 S.E. 2d 345 (1983); *Jones v. Jones*, 52 N.C. App. 104, 278 S.E. 2d 260 (1981). A finding of willful failure to comply with the order requires evidence of the present ability to pay or to take reasonable measures to comply. *Teachey v. Teachey*, 46 N.C. App. 332, 264 S.E. 2d 786 (1980). However, a failure to find the supporting party in contempt does not affect the underlying debt; it merely forces the custodial parent or an authorized party to pursue one of the alternate remedies listed in G.S. Sec. 50-13.4(f) to enforce the debt.

II

[2] In his 7 March 1984 order, Judge Peele made forty-three findings of fact concerning the various contempt proceedings, the amount of child support paid over the years, the incomes of the parties, the "equitable arrearage," and attorney's fees. The two findings directly addressing attorney's fees read as follows:

42. That the [wife] has been found by the court to be unable to defray attorney fees in this case.

43. That the [wife's] attorney is entitled to recover attorney fees in the amount of $500.00. (Court estimates 7 hours time consumed by the court proceeding, estimated 3 hours out of court, at $50.00 per hr.).

The trial court then ordered the husband to pay the five hundred dollars in attorney's fees to the wife before 1 August 1984. We conclude that the findings of fact in the 7 March order are insufficient to award attorney's fees. We vacate and remand to the trial court to hear additional evidence and to make additional findings of fact, for the following reasons.

This action to enforce the 20 February 1970 order for child support was instituted by the Chatham County Clerk of Superior Court pursuant to G.S. Sec. 50-13.9 (1984). G.S. Sec. 50-13.9

became effective on 1 October 1983. It enables the clerk of superior court to institute contempt proceedings whenever a supporting party fails to pay past due child support on demand. G.S. Sec. 50-13.9(d). Significantly, G.S. Sec. 50-13.9(f) gives the trial court the discretion to "order payment of reasonable attorney's fees as provided in G.S. Sec. 50-13.6" for representation of the "party to whom support payments are owed."

Turning to the provisions of N.C. Gen. Stat. Sec. 50-13.6 (1984), we cite the pertinent language:

> In an action or proceeding for the custody or support, or both, of a minor child, including a motion in the cause for the modification or revocation of an existing order for custody or support, or both, the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit. Before ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding. . . .

Thus, to award attorney's fees in a child support action, the trial court must find as fact that (1) the interested party (a) acted in good faith and (b) has insufficient means to defray the expenses of the action and further, that (2) the supporting party refused to provide adequate support "under the circumstances existing at the time of the institution of the action or proceeding." *Id.; Hudson v. Hudson*, 299 N.C. 465, 263 S.E. 2d 719 (1980); *Gibson v. Gibson*, 68 N.C. App. 566, 316 S.E. 2d 99 (1984). Moreover, the required findings of fact must in turn be supported by competent evidence. *Hudson v. Hudson.*

Measured against the statutory requirements of G.S. Sec. 50-13.6, the 7 March 1984 order does not permit the award of attorney's fees. The order includes no finding on the wife's good faith or on the husband's refusal to provide adequate support. Equally important, the finding on the wife's inability to defray attorney's fees is not supported by competent evidence.

Our courts have consistently construed the attorney's fees provision in the alimony statutes, *see* N.C. Gen. Stat. Secs. 50-16.3

and -16.4 (1984), as enabling "the dependent spouse, *as litigant*, to meet the supporting spouse, *as litigant*, on substantially even terms by making it possible for the dependent spouse to employ adequate counsel." *Williams v. Williams*, 299 N.C. 174, 190, 261 S.E. 2d 849, 860 (1980). The *Hudson* Court extended the holding on attorneys' fees in alimony cases to encompass the award of attorney's fees to the interested party in custody, support, or custody and support suits under G.S. Sec. 50-13.6.

In *Hudson*, the Supreme Court held that the trial court's finding that the plaintiff wife had insufficient means to defray the expenses of the support suit was not supported by the evidence. The Court compared the evidence of the following: the parties' annual incomes, their estates, including stock holdings and real estate investments, and their debts, the same figures considered in *Rickert v. Rickert*, 282 N.C. 373, 193 S.E. 2d 79 (1972) and *Williams v. Williams*, before concluding that the plaintiff wife both had sufficient means to defray legal expenses and was financially able to employ adequate counsel to meet her husband in litigation on substantially even terms. In *Hudson*, the plaintiff wife had an estate of $930,484, debts totalling $264,831, and an income of $9,192. The defendant husband's estate was valued at $747,553 and his indebtedness was $254,612.

Reviewing the record in the case before us, we find competent evidence of the wife's gross income for the years 1981 through 1983 — 1981: $11,095; 1982: $9,678; 1983: $10,076 — but no competent evidence of the husband's gross income. The trial court found:

19. [Husband] testified to income in 1981, '82 and '83 of approximately $8,000 per year.

However, we find nothing in the record concerning the husband's gross income for any year. The husband testified instead to the salary earned by his son-employee from 1979 through 1981, by referring to the federal tax Schedule C (Form 1040) — *Profit or Loss from Business or Profession (Sole Proprietorship)* which the husband had filed for those years. Apparently, the husband's federal income tax returns for 1979 through 1981, or at least the Schedule C forms for those years, were admitted in evidence, but none of the exhibits were included in the record on appeal. Further, the trial court found:

20. Defendant's gross sales for income tax purposes in 1980 was $34,700; and his total business income was $16,979.00.

21. Defendant's gross sales for income tax purposes in 1981 was $41,423 and his total business income was $17,723.

22. It is not to be implied from the figures in items 20 and 21 that the defendant is earning anything close to approximately $17,000 per year.

The husband never testified to any of the facts cited in Findings Number 20 through 22. Since the tax forms are not before us, we have no competent evidence to support Findings Number 19 through 22. And, considering the years involved, this evidence alone would be insufficient to reflect the husband's present gross income.

Because the matter is likely to arise again on remand, we emphasize that the trial court is to consider the parties' annual gross income. As a sole proprietor, the husband is permitted to deduct his business expenses from his gross sales or receipts on Schedule C (Form 1040). The net profit or loss figure on Schedule C (line 32) is then transferred to Form 1040 (line 12) as business income and calculated into the total gross income listed on Form 1040 (line 23). Therefore, if the "total business income" mentioned in Findings number 20 through 22 refers to the net profit figure on Schedule C (line 32), that figure accurately represents at least a portion of the husband's gross income and should not be discounted, as in Finding number 22.

Neither party testified to the net value of their real estate holdings. The wife owns a house with a tax value of $30,000 and a 9.9 acre tract of land purchased jointly with one of her sons. The husband owns a two bedroom brick house and a cinder block building on five and one-half acres of land.

The husband operates his body shop business out of the cinder block building on his property. We emphasize that the business is part of his estate. There is no evidence of its value. The body shop has been in existence since 1979; it is large enough to employ several workers. In valuing the business, the trial court should consider evidence of the husband's equity in the business (cash accounts, receivables, and equipment, including the build-

ing), and good will. *Cf. Weaver v. Weaver*, 72 N.C. App. 409, 324 S.E. 2d 915 (1985) (valuation of a partnership interest in an equitable distribution proceeding).

Moreover, neither party testified about their debts, other than the husband's $33,000 mortgage. The wife mentioned that she was paying mortgages on her home and the 9.9 acre tract, but did not state the balance due.

Even assuming that the parties had presented sufficient evidence of their incomes, estates, and debts to enable the trial court to find as fact the wife's good faith, her insufficient means to defray legal costs, and the husband's refusal to provide adequate support, the award of attorney's fees could not stand. The sole relevant finding of fact, Finding of Fact No. 43, cited *supra*, is not specific enough to allow a determination of the reasonableness of the attorney's fees awarded. *See Falls v. Falls*, 52 N.C. App. 203, 278 S.E. 2d 546, *disc. rev. denied*, 304 N.C. 390, 285 S.E. 2d 831 (1981); *Austin v. Austin*, 12 N.C. App. 286, 183 S.E. 2d 420 (1971); G.S. Sec. 50-13.6 (1984). Court estimates of the time required and the attorney's hourly rate are not sufficient. *Falls v. Falls; Austin v. Austin.*

III

[3] The 20 February 1970 order required the husband to pay seventy dollars every two weeks to support his two minor children. Neither party has ever filed a motion under N.C. Gen. Stat. Sec. 50-13.7 (1984) to modify the original support order. On 28 September 1979 the oldest son, William, reached the age of eighteen. The husband unilaterally decreased his child support payments to $100 per month. On 8 January 1984 the youngest son, Craig, reached the age of eighteen.

No demand for payment of arrears was made from 1976 until this 1983 action. The trial court concluded that the child support arrearage totalled $3,670. Approximately two-thirds of the arrearage accrued prior to 1979. In calculating the "equitable arrearage," the trial court charged the husband the full $140 per month, as required by the February 1970 order, through 1979, reduced the payments to $120 per month in 1980, to $115 per month in 1981, and finally to $100 per month from 1982 through 8 January 1984.

The husband contends that the trial court miscalculated the arrearage because: (1) the parties agreed to the $100 per month payment beginning in October 1979; (2) the husband is entitled to credit for his oldest child's earnings from 1977 through 1979; (3) the husband is entitled to credit because he was no longer able to claim his children as dependents for income tax purposes; and (4) the husband is entitled to credit for purchasing automobiles for both sons. We agree that the order must be vacated and the case remanded, but for different reasons. There are no specific findings or evidence in the record on the younger child's needs and expenses between 1979 and 1984, or on the relative abilities of the parties to provide support. These findings are essential to a modification in court-ordered child support. N.C. Gen. Stat. Sec. 50-13.7 (1984); *Daniels v. Hatcher*, 46 N.C. App. 481, 265 S.E. 2d 429 (1980). Consequently, without the requisite findings supported by competent evidence, the trial court erred in reducing the child support arrearage for the period from 1980 until 1984. We vacate and remand to the trial court to hear additional evidence and to make additional findings of fact, as discussed below.

The 20 February 1980 order directed the husband to pay child support for "his two minor children . . . until further orders of the Court. . . ." N.C. Gen. Stat. Sec. 48A-2 (1984) provides that "[a] minor is any person who has not reached the age of 18 years." This statutory abrogation of the common law definition became effective 5 July 1971. *Shoaf v. Shoaf*, 282 N.C. 287, 192 S.E. 2d 299 (1972). Thus, the trial court properly recognized its lack of authority to enforce, under the provisions of the February 1970 order, any payments accruing after 8 January 1984.

The husband had no authority to unilaterally attempt his own modification between 1979 and 1984. *Gates v. Gates*, 69 N.C. App. 421, 317 S.E. 2d 402 (1984), *aff'd per curiam*, 312 N.C. 620, 323 S.E. 2d 920 (1985); *Tilley v. Tilley*, 30 N.C. App. 581, 227 S.E. 2d 640 (1976). There is no evidence of an agreement between the parties to modify child support in the record. The proper procedure for the husband to follow would have been to apply to the trial court for relief pursuant to G.S. Sec. 50-13.7 (1984). *Id.*

In *Gates v. Gates*, a husband unilaterally reduced support payments due under a consent judgment in 1974, eight years before the subject contempt action. Since a substantial portion of

the obligations had terminated in 1974, and no demand for payment had been made during the eight subsequent years, this Court sought to avoid an injustice by remanding the case to the trial court for the consideration of a reduction. This Court remanded in large part because the record was insufficient as to the child's needs. In similar child support cases involving voluntary expenditures, this Court has remanded for further proceedings to prevent an injustice. *Beverly v. Beverly*, 43 N.C. App. 60, 257 S.E. 2d 682 (1979); *Goodson v. Goodson*, 32 N.C. App. 76, 231 S.E. 2d 178 (1977). Significantly, the trial court in this instance labelled its finding on arrearages "the equitable arrearage." We believe it was commendably trying to remedy a perceived injustice with its graduated reductions in child support payments. Unfortunately, the trial court had insufficient evidence before it to do equity.

[4] The husband's right to credit for his older son's earnings from 1977 through 1979 has been effectively waived. It is true that a parent is entitled to the earnings of its unemancipated child, *Goodyear v. Goodyear*, 257 N.C. 374, 126 S.E. 2d 113 (1962), *unless* the parent has relinquished its right by either expressly or impliedly consenting to the child's receipt of earnings,

> as where the parent authorizes the child to make contracts of hire and receive the wages, makes no objection to a contract of hire made by the child, or confirms and approves an agreement of employment making wages payable to the child.

67A C.J.S. *Parent & Child* Sec. 106, at 460 (1978); *Gillikin v. Burbage*, 263 N.C. 317, 139 S.E. 2d 753 (1965) (waiver of parent's rights to earnings of minor child). Here there is no evidence that the husband ever objected to the child's receipt of earnings. The doctrine of waiver is applicable.

The husband's remaining contentions are treated summarily. The husband is not entitled to credit for his inability to claim his sons as dependents for income tax purposes from 1974 through 1984. Nor did the trial court err in denying the husband credit for the purchase of two automobiles for his sons, considering the history of delinquent payments and the lack of the wife's consent to the voluntary expenditures. *See Goodson v. Goodson*, 32 N.C. App. 76, 231 S.E. 2d 178 (1977) (credit given if denial would create an injustice).

IV

[5] The husband's final assignment of error attacks the entry of judgment in open court by another district court judge without notice to the parties. Although another district court judge may enter judgment in open court under N.C. Gen. Stat. Sec. 1A-1, Rule 63 (1983), the entry of judgment in open court presupposes that the parties have been notified. *See* N.C. Gen. Stat. Sec. 1A-1, Rule 58 comment (1983). We do not condone the alleged failure to notify the parties in this case; however, we find no prejudicial error. The notice of appeal was timely filed.

V

In conclusion, the findings of fact and the evidence are insufficient to support an award of attorney's fees or a reduction in the child support arrearage. The case is remanded to the trial court for further proceedings consistent with this decision.

Vacated and remanded.

Judges WEBB and PARKER concur.