CAROL CRAIG, Plaintiff v. ROBERT CRAIG, Defendant

No. 918DC233

(Filed 6 August 1991)

**Divorce and Separation § 427 (NCI4th)— child support—two children—amount not allocated—one child reaching majority— unilateral reduction**

The trial court was without authority to modify past due child support payments where an order was entered in South Carolina in 1985 awarding plaintiff custody of the two children, $402 in child support, and alimony; the older child reached the age of 18 years in 1987; defendant unilaterally reduced the amount of child support by what he thought to be one-half in 1988, although he was actually paying $9 per month less than one-half; defendant was awarded custody of the other child in 1990; and the trial court in this action awarded plaintiff $288, representing the accumulated error in defendant's computation of one-half the original amount. Until an application for modification is made by the supporting parent, and as long as at least one child for whom support was ordered remains a minor, the full amount of the support obligation not allocated by child remains enforceable and continues to accrue and vest as it becomes due. N.C.G.S. § 50-13.10.

**Am Jur 2d, Divorce and Separation § 1050.**

**Comment Note—Propriety and effect of undivided award for support of more than one person. 2 ALR3d 596.**

APPEAL by plaintiff from order entered 30 November 1990 by *Judge Kenneth R. Ellis* in WAYNE County District Court. Heard in the Court of Appeals 6 June 1991.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General T. Byron Smith, for plaintiff-appellant.*

*H. Jack Edwards for defendant-appellee.*

GREENE, Judge.

Plaintiff appeals from an order entered 30 November 1990, ordering defendant to pay child support arrearages in the amount of $288.00.

On 5 July 1990 plaintiff registered a foreign support order in the Office of the Clerk of Superior Court in Wayne County pursuant to N.C.G.S. § 52A-29, requesting enforcement of a South Carolina order for child support and collection of arrearages accumulated under the order in the amount of $2,967.12. On 25 July 1991 defendant filed a petition praying that the trial court deny recovery of arrearages, consider the substantial change of circumstances of the parties since the entry of the prior child support order, and reduce the amount of support required to be paid.

On 30 November 1990 the trial court entered an order making the following findings of fact:

1. That this matter came before the Court on the Petition of the Plaintiff, Carol Craig, under the provisions of the Uniform Reciprocal Enforcement of Support Act.

2. An Order was entered in the Family Court in Charleston County, South Carolina on or about March 12, 1985, awarding the Plaintiff, Carol Craig, the custody of the two minor children of the parties, Dawn Collen Craig and Darren Robert Craig, and directing the Defendant, Robert J. Craig, to pay child support in the amount of $402.00 per month and alimony of $298.00 per month.

3. The older child, Dawn Collen Craig, reached the age of 18 years in December, 1987, leaving one minor child at that time to be supported by the Defendant.

4. In June 1988, the Defendant reduced the monthly amount of child support by what he thought to be one-half of the amount he had been paying for the support of the two children; the reduction was based on his consideration that one of the children had at that time reached the age of majority.

5. The Defendant paid the amount of $192.00 per month for the support of Darren Robert Craig from January, 1988, through August, 1990. That during this time, the Defendant thought he was paying one-half of the original amount of support, but was in fact paying a sum that was $9.00 less than one-half of the original support.

6. As a result of a hearing on August 31, 1990, in the Family Court of the Ninth Judicial District in Charleston County, South Carolina, an order dated September 14, 1990, was

entered by the Honorable Judy C. Bridges, Family Court Judge, awarding custody of the minor child, Darren Robert Craig, to the Defendant, Robert J. Craig; and that the said minor child, who is now thirteen years of age, resides with and has been in the custody of the Defendant, Robert J. Craig, from September, 1990, until the present date.

7. As a result of the change in custody as ordered by the Family Court of Charleston County, South Carolina, there is no need for this Court to consider the question of child support to be paid to the Plaintiff, Carol Craig, for the support of said minor child.

8. At the time the older child attained 18 years of age, the Defendant was entitled to an adjustment in the amount of child support he had been paying for the two minor children and he should not be required to pay the full support from January, 1988, through August, 1990, even though he failed to apply to the South Carolina Court for a modification of the original order.

9. Until the filing of this Petition there was apparently no objection by the Plaintiff, Carol Craig, with regard to the reduced amount of support paid by the Defendant for the remaining minor child.

10. The Plaintiff admits he made an error in his computation and fully intended to pay one-half of the original amount of support for the minor child, Darrell [sic] Robert Craig, and that the difference in what was actually paid is the sum of $288.00 for the period from January, 1988 through August, 1990.

Based on these findings, the trial court ordered that defendant pay plaintiff $288.00 in arrearages. Plaintiff appeals.

---

The issues are: (I) whether a parent ordered to pay child support may unilaterally reduce the child support payments when there are two or more children, where one of the children obtains to age eighteen, where the order does not allocate the support payment by child, and where the order is silent as to any reduction in support upon one child reaching age eighteen; and (II) whether the trial court may retroactively reduce the arrearages arising from a failure by the supporting parent to comply with a child support order.

Two statutes are pertinent to this case. The first, N.C.G.S. § 50-13.4(c), provides that, with certain exceptions not applicable to this case, "[p]ayments ordered for the support of a child shall terminate when the child reaches the age of 18 . . . ." The second statute provides in part:

> (a) Each past due child support payment is vested when it accrues and may not thereafter be vacated, reduced, or otherwise modified in any way for any reason, in this State or any other state, except that a child support obligation may be modified as otherwise provided by law, and a vested past due payment is to that extent subject to divestment, *if, but only if*, a written motion is filed, and due notice is given to all parties either:
>
> (1) Before the payment is due or
>
> (2) If the moving party is precluded by physical disability, mental incapacity, indigency, misrepresentation of another party, or other compelling reason from filing a motion before the payment is due, then promptly after the moving party is no longer so precluded.
>
> . . . .

N.C.G.S. § 50-13.10(a) (1987) (emphasis added).

## I

Child support obligations ordered by a court terminate upon the child reaching age eighteen, unless the child is otherwise emancipated prior to reaching age eighteen or the trial court in its discretion continues to enforce the payment obligation after the child reaches age eighteen and while the child is in primary or secondary school. N.C.G.S. § 50-13.4(c) (1987). However, when one of two or more minor children for whom support is ordered reaches age eighteen, and when the support ordered to be paid is not allocated as to each individual child, the supporting parent has no authority to unilaterally modify the amount of the child support payment. The supporting parent must apply to the trial court for modification. N.C.G.S. § 50-13.7(a) (1987) (support for minor child may be modified or vacated at any time "upon motion in the cause and a showing of changed circumstances . . . ."). *See Brower v. Brower*, 75 N.C. App. 425, 433, 331 S.E.2d 170, 176 (1985) (husband had no authority to unilaterally reduce support payments where

CRAIG v. CRAIG

[103 N.C. App. 615 (1991)]

one of two children, for whom support was ordered without allocation by child, reached age eighteen). Thus, until such an application for modification is made by the supporting parent, and as long as at least one child for whom the support was ordered remains a minor, the full amount of the support obligation not allocated by child remains enforceable and continues to accrue and vest as it becomes due.

## II

Where one of two minor children reaches the age of eighteen, this Court has previously held that a trial court may retroactively modify child support arrearages when equitable considerations exist which would create an injustice if modification is not allowed. *Brower* at 434, 331 S.E.2d at 176; *Gates v. Gates*, 69 N.C. App. 421, 430, 317 S.E.2d 402, 408 (1984), *aff'd per curiam*, 312 N.C. 620, 323 S.E.2d 920 (1985); *Goodson v. Goodson*, 32 N.C. App. 76, 81, 231 S.E.2d 178, 182 (1977).

These cases, however, were decided before N.C.G.S. § 50-13.10 became effective on 1 October 1987. Under this statute, if the supporting party is not disabled or incapacitated as provided by subsection (a)(2), a past due, vested child support payment is subject to divestment only as provided by law, and "if, but only if, a written motion is filed, and due notice is given to all parties . . . [b]efore the payment is due . . . ." N.C.G.S. § 50-13.10(a)(1) (1987). The record in this case contains no such motion.

We note also that under subsection (d) of this statute,

[A] child support payment or the relevant portion thereof, is not past due, and no arrearage accrues:

(1) From and after the date of the death of the minor child for whose support the payment, or relevant portion, is made;

(2) From and after the date of the death of the supporting party;

(3) During any period when the child is living with the supporting party pursuant to a valid court order or to an express or implied written or oral agreement transferring primary custody to the supporting party;

(4) During any period when the supporting party is incarcerated, is not on work release, and has no resources with which to make the payment.

N.C.G.S. § 50-13.10(d) (1987). These exceptions are not applicable in this case, and we need not determine their operation where two or more children are involved in a single support order and there is no allocation of the support between the children.

The trial court was without authority to "modif[y] in any way for any reason" the past due payments. N.C.G.S. § 50-13.10(a) (1987). The case is therefore remanded for entry of an order for defendant to pay the full amount of arrearages which accumulated from January, 1988, through August, 1990.

Reversed and remanded.

Judges ARNOLD and PARKER concur.