SPENCER v. SPENCER

[133 N.C. App. 38 (1999)]

⎯⎯⎯⎯⎯⎯

DONNA D. SPENCER, Plaintiff v. GEORGE SPENCER, Defendant

No. 98-134

(Filed 20 April 1999)

**1. Divorce— alimony—substantially changed circumstances— reduced income capacity**

The trial court did not err in finding and concluding that there was a substantial change of circumstances warranting termination of plaintiff's alimony payments to defendant. The court was particularly aware of plaintiff's reduced income due to her retirement and specifically found that potential income from a new job was undetermined. The court's findings were clearly supported by the evidence.

**2. Child Support, Custody, and Visitation— child support— reduced—evidence of income reduction—sufficient**

The trial court did not err by decreasing plaintiff's monthly child support obligation based upon its determination of her income and there was sufficient evidence in the record to support the findings concerning her income. An amount alleged by defendant to be rents was described in testimony as a contribution toward household expenses and the court did not abuse its discretion by electing not to view this payment as rental income.

**3. Child Support, Custody, and Visitation— attorney fees— child support and alimony—notice—insufficient**

The issue of attorney fees was not properly before the trial court in an action involving alimony and child support where defendant moved for attorney fees at the conclusion of trial and submitted an affidavit which revealed his early awareness of his intention to seek attorney fees, but the record reflects no efforts by defendant to notify plaintiff of this intent. Statutory authority providing for attorney fees in modification of child support and alimony actions does not override a party's basic constitutional rights to notice and due process considerations.

**4. Child Support, Custody, and Visitation— child support— unilateral reduction—not willful—not contempt**

The evidence before the trial court was sufficient to support the conclusion that plaintiff was not in willful contempt of court in her unilateral reduction of child support where she reduced her payments by half when she took full responsibility for supporting one of the couple's two children and filed motions to change the custody of the children and to reduce payments accordingly.

**5. Child Support, Custody, and Visitation— child support— modification—authority prior to petition**

A child support action was remanded for a determination of the arrearage occurring between the unilateral reduction and the filing of the petition to modify. The trial court lacks authority to modify obligations prior to the filing of the petition.

Appeal by defendant from judgment entered 30 July 1997 by Judge Wayne G. Kimble, Jr., in Onslow County District Court. Heard in the Court of Appeals 5 October 1998.

*J. Randal Hunter for plaintiff-appellee.*

*Amy R. Jordan and Laura P. Graham for defendant-appellant.*

HUNTER, Judge.

Briefly, the record reveals that Donna Spencer (plaintiff) and George Spencer (defendant) were married for nineteen years before they obtained a divorce in 1994. Plaintiff was employed by the United States Navy and defendant was the homemaker. Upon their divorce, the couple entered into an agreement whereby defendant received the marital home, primary custody of the two children, monthly child support payments in the amount of $1,138.00 and monthly alimony payments from plaintiff in the amount of $800.00. When plaintiff retired from military service in November of 1996, she filed numerous motions seeking to change the custody provisions of the former agreement and to reduce the child support payments accordingly, and to terminate the alimony payments. Defendant responded with a motion to hold plaintiff in contempt of court for unilaterally modifying the amounts of the support payments.

At the hearing on 15 April 1997, the trial court made the following findings of fact concerning plaintiff and defendant's changed circumstances since the original April 1994 order:

> 7.    At the time of the entry of the 21 April 1994, order, the plaintiff was employed as a Lieutenant Commander with the United States Navy, earning $5,534.00 per month. She had been primarily responsible for the support of the family prior to the separation. The defendant was not employed though the court specifically found that he is able-bodied, capable of working, and is skillful in the use of his hands, including mechanics, carpentry and remodeling.

> 8.    After David [the parties' son] moved in with the plaintiff, she reduced her child support payments from $1,138.00 per month to $569.00 per month. She paid $569.00 per month in child support until February of 1997. For February, March and April of 1997, she paid the sum of $362.00 per month in child support.

> 9.    The plaintiff retired from the United States Navy on 30 November 1996. When she retired, she was no longer eligible to receive active duty pay. She began to receive her retirement

SPENCER v. SPENCER

[133 N.C. App. 38 (1999)]

pay in December of 1996. The gross amount of the plaintiff's retirement pay is slightly less than $2,900.00 per month. From that amount, the defendant is entitled to receive approximately $711.00 pursuant to an equitable distribution order entered in the Onslow County District Court by the Honorable Leonard T. Thagard. Furthermore, approximately $194.00 is deducted from the plaintiff's retirement each month to pay for a survivor benefit plan that must be maintained for the benefit of the defendant pursuant to Judge Thagard's order. Therefore, the plaintiff's present gross income is approximately $2,100.00 per month.

10.  The plaintiff has recently accepted a job in nursing with Onslow Memorial Hospital. She is able to work at this job "as needed" by the hospital. She is presently going through orientation and is in a probationary status with this employment. As a result, her income is undetermined. If she is able to maintain this employment, she will earn $15.75 per hour as a nurse with Onslow Memorial Hospital.

11.  The plaintiff's income has declined substantially since the entry of the 21 April 1994, court order.

12.  The defendant continues to reside in the former marital residence with the younger child of these parties. He spends most of his day, five days a week, at a day care facility known as Children's Castle Day Care. He does "odd jobs" for this facility. Though he testified that he does not keep regular records of the hours that he works for the facility, his hourly rate, or any other method by which he charges for his services, he earns approximately $400.00 per month from this employment. As set forth above, he receives approximately $711.00 each month as his share of the plaintiff's military retirement. Therefore, his present, gross monthly income is approximately $1,100.00 per month.

13.  Though the defendant remains able-bodied and capable of full time employment, he has made no serious effort to obtain or keep stable employment. He has investigated the possibility of buying various businesses in Onslow County but he has not followed through with any serious inquiry about any business opportunity. Nevertheless, he is capable of earning an income and supporting himself.

14.     The plaintiff paid alimony to the defendant pursuant to the 21 April 1994, court order, through the month of December, 1996. Beginning in January of 1997, the defendant has received his share of the plaintiff's military retirement either directly from the plaintiff or directly from the government. Therefore, the plaintiff made no alimony payments after December of 1996.

15.     Circumstances have changed substantially since the entry of the 21 April 1994, court order. As set forth above, David [the parties' son] moved in with the plaintiff in February of 1995, and has since reached the age of majority. The plaintiff has retired from the United States Navy and has no stable income except for her Navy retirement. The defendant is receiving his share of the plaintiff's military retirement and has otherwise made no serious attempt to generate any income. The circumstances of this case are appropriate for the modification of the 21 April 1994, court order.

Based on these findings, the court made the following conclusions:

2.     Circumstances have changed substantially since the entry of the 21 April 1994, court order. This change of circumstances is within the contemplation of North Carolina General Statutes 50-13.7 and 50-16.9 and justifies a reduction in the plaintiff's child support obligation to the defendant and the elimination of her alimony obligation to the defendant.

3.     The appropriate amount of child support to be paid by the plaintiff to the defendant, under North Carolina General Statute 50-13.4 and North Carolina Child Support Guidelines, is $350.00 per month plus one half of the uninsured medical, dental, and orthodontal expenses incurred on behalf of Diana Michelle Spencer [the parties' daughter].

4.     The plaintiff has not willfully violated the prior orders of this court and is not in contempt of court. The defendant is not entitled to collect any arrearage of child support or alimony of any kind.

[1] Defendant, in his first assignment of error, contends that the trial court erred in finding and concluding that there was a substantial change of circumstances warranting a termination in plaintiff's alimony payments. Defendant bases his argument on the court's

alleged failure to consider plaintiff's potential income from her new post-retirement employment. We disagree.

"As a general rule, the changed circumstances necessary for modification of an alimony order must relate to the financial needs of the dependent spouse or the supporting spouse's ability to pay." *Rowe v. Rowe*, 305 N.C. 177, 187, 287 S.E.2d 840, 846 (1982). "The power of the court to modify an alimony order is not power to grant a new trial or to retry the issues of the original hearing, but only to adapt the decree to some distinct and definite change in the financial circumstances of the parties." *Cunningham v. Cunningham*, 345 N.C. 430, 436, 480 S.E.2d 403, 406 (1997).

Here, from the findings listed above, it is apparent that the trial court carefully considered the changed circumstances occurring between the original order (21 April 1994) and the date of the hearing (15 April 1997) and found substantially changed circumstances, especially concerning plaintiff's reduced income capacity. The court was particularly aware of plaintiff's much reduced income from the United States Navy due to her recent retirement and, specifically, found that plaintiff's potential income from the job at Onslow County Memorial Hospital was "undetermined." Plaintiff testified that, should she survive the five-week orientation process, she was only assured of two days of work per month and had no idea of whether or not she would be able to work more often. Based on this testimony, the trial court determined that plaintiff's potential income from Onslow County Memorial Hospital was "undetermined." This finding and conclusion may, of course, be revisited by the court upon proper motion. It is interesting to note that, during the hearing, defendant agreed with this conclusion when he argued:

> Obviously it is too early at this time to find out what her income is and what her child support should be. I would just simply argue and would ask the Court to reduce her child support temporarily and maybe set it for review in 90 days for some reasonable period of time so that we could properly calculate what this child is entitled to.

The lower court's conclusions must be supported by specific findings of fact. "If the findings are supported by competent evidence, they are conclusive on appeal even though the evidence would support contrary findings." *Cornelison v. Cornelison*, 47 N.C. App. 91, 93, 266 S.E.2d 707, 709 (1980). Therefore, "[w]hile the sufficiency of the findings to support the award is reviewable on appeal, the weight to

be accorded the evidence is solely for the trier of the facts." *Id.* (citations omitted). Here, since the court's findings are clearly supported by the evidence, defendant's contentions are without merit.

[2] Likewise, defendant contends the trial court erred in decreasing plaintiff's monthly child support obligation based on its failure to properly determine plaintiff's income. Defendant contends that the court excluded from her total income her income from Onslow County Memorial Hospital and $125.00 she received monthly in alleged rents. Again, we disagree.

We have already stated that plaintiff's potential income from her new nursing position at Onslow County Memorial Hospital can best be determined once she concluded her orientation process and had worked long enough to determine an average monthly income. Defendant claims plaintiff testified she regularly received $125.00 in rent from their son's girlfriend who had moved in with them. However, our review of the record indicates plaintiff actually testified that the payment was a contribution towards household expenses. The lower court elected not to view this payment as rental income and we see no abuse of its discretion in this decision. Again, there is sufficient evidence in the record to support the trial court's findings concerning plaintiff's income in paragraph 10 of the 15 April 1997 order. This assignment of error is overruled.

[3] In his third assignment of error, defendant asserts that the trial court erred in failing to address his claim for attorney fees when the evidence clearly supported such an award. Defendant states in his brief that "[a]t the conclusion of the trial in the instant case, defendant moved for attorney fees and submitted an Affidavit showing the expenses he had incurred."

The affidavit, prepared prior to the hearing on 15 April 1997 and submitted by defendant in support of his oral motion at the end of the hearing, reveals defendant's early awareness of his intention to seek attorney fees, yet, the record reflects no efforts by defendant to notify plaintiff of these intentions. In response to plaintiff's motions for change of custody, termination of child support and for a reduction in child support, defendant filed two orders for the plaintiff to appear and show cause for failure to comply with support orders. He did not file a motion seeking attorney fees. While there is statutory authority providing for attorney fees in both modification of child support actions (N.C. Gen. Stat. § 50-13.6 (1995)) and alimony actions (N.C. Gen. Stat. § 50-16.4 (1995)), this authority does not override a party's

basic constitutional rights to notice and due process considerations. Defendant failed to file proper pleadings in the cause, therefore, the issue of attorney fees was not properly before the lower court. This assignment of error is without merit.

[4] In his final assignment of error, defendant contends that the trial court erred in not holding plaintiff in contempt of court for unilaterally reducing her child support payments without first obtaining a court order.

Plaintiff acknowledged in her testimony that, beginning in February of 1995, she reduced her court-ordered monthly child support payment from $1,138.00 to $569.00. The court had previously determined a monthly payment of $1,138.00 based on the couple's relative incomes and the fact that both children resided with defendant. When the older child moved in with plaintiff in February 1995, plaintiff elected to reduce her child support payment by half and continued to send payments to defendant for the child still remaining with him. Soon thereafter, on 3 April 1995, plaintiff filed a motion in the district court seeking a court order modifying her child support payment. This motion was not heard until 15 April 1997—over two years later.

N.C. Gen. Stat. § 5A-21(a) (1986) provides, in pertinent part, that: "Failure to comply with an order of a court is a continuing civil contempt as long as: . . . (3) [t]he person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable him to comply with the order." "Although the language of section 5A-21(a) does not expressly so state, it has nevertheless been held that one may not be held in civil contempt for failure to comply with an order of the court unless his failure be willful." *Powers v. Powers*, 103 N.C. App. 697, 705, 407 S.E.2d 269, 274-75 (1991) (evidence sufficient to support lower court's conclusion that defendant was in contempt of court for failing to comply with consent judgment because he unreasonably withheld his consent to his daughter's choice of colleges); *see also Jones v. Jones*, 52 N.C. App. 104, 278 S.E.2d 260 (1981) (evidence sufficient to support lower court's ruling that defendant was not in willful contempt of court by deducting from his child support payments made to plaintiff amounts representing voluntary expenditures for needs of the parties' children while they were visiting him); *Jarrell v. Jarrell*, 241 N.C. 73, 84 S.E.2d 328 (1954) (evidence sufficient to support lower court's determination that defendant was not in contempt of court for his good faith assumption that he was not required to pay support for his oldest child upon her

SPENCER v. SPENCER

[133 N.C. App. 38 (1999)]

marriage and for his youngest child during the times that child resided with him). A finding of willful disobedience requires "an ability to comply with the court order and a deliberate and intentional failure to do so." *Bennett v. Bennett*, 21 N.C. App. 390, 393, 204 S.E.2d 554, 556 (1974).

In the case *sub judice*, plaintiff reduced her child support payments by half when she took full responsibility for supporting one of the couple's two children. Plaintiff followed up her actions by filing motions with the court to change the custody of her children and to reduce the child support payments accordingly. During this time, the record reflects no failure on plaintiff's part to make the monthly payments on behalf of the child still residing with defendant.

Based on the above, we uphold the lower court's determination that plaintiff's decision to divide her child support payment by half when her oldest child moved in with her did not constitute a deliberate or intentional attempt by plaintiff to violate the court's order. We find that the evidence before the lower court was sufficient to support the conclusion that defendant was not in willful contempt of court.

[5] Finally, we look to whether defendant is entitled to any arrearages in child support payments. We have previously held that the "trial court has the discretion to make a modification of a child support order effective from the date a petition to modify is filed as to support obligations that accrue after such date." *Mackins v. Mackins*, 114 N.C. App. 538, 546-47, 442 S.E.2d 352, 357, *cert. denied*, 337 N.C. 694, 448 S.E.2d 527 (1994). We hold that the *Mackins* ruling applies to reductions as well as increases in support payments. Thus, the trial court had the authority to modify the child support order effective to the date the petition was filed—3 April 1995. We find no precedent granting the trial court the authority to modify support obligations prior to the filing of the petition to modify. Therefore, defendant is entitled to any arrearages accruing between the time plaintiff unilaterally reduced her child support payments in February of 1995 and 3 April 1995, the date the petition was filed. This case is remanded for a determination of the child support arrearages accruing between February 1995 and 3 April 1995.

Affirmed in part; reversed in part and remanded.

Chief Judge EAGLES and Judge LEWIS concur.