BARRY STEPHEN SWAIN, Plaintiff v. DORLENE DAVENPORT SWAIN, Defendant

No. COA06-95

(Filed 17 October 2006)

**1. Divorce— modification of alimony—depletion of estate**

An alimony order which would cause the supporting spouse to deplete his estate was not an abuse of discretion. Cases which appear to disfavor alimony awards that result in estate depletion cite fairness and justice to all parties as the principle to which an alimony award must conform; this award requires both parties to deplete their estates to meet their living expenses and was fair to both parties.

**2. Divorce— modification of alimony—findings—standard of living during marriage**

The trial court was not required to make a finding about the standard of living of the parties during the marriage when hearing a motion for modification of alimony. No change in cir-

cumstances after the divorce can change the standard of living enjoyed during the marriage.

**3. Divorce— modification of alimony—findings**

The trial court's findings as to the income, living expenses, and estates of both the plaintiff and defendant supported a conclusion about the amount of alimony that was fair and within its discretion.

**4. Divorce— alimony—arrearage**

It is not true that a court may enforce an alimony arrearage by ordering payment only after an order of contempt. The trial court here properly exercised its authority to determine the amount of an alimony arrearage and to order plaintiff to pay that amount.

**5. Divorce— alimony—attorney fees**

An award for attorney fees in an alimony case was vacated where the court made no findings with regard to defendant's ability to subsist during prosecution of the suit or her ability to defray the necessary expenses of the suit.

Appeal by plaintiff from judgment entered 24 August 2005 by Judge Jacquelyn L. Lee in Lee County District Court. Heard in the Court of Appeals 18 September 2006.

*Ward and Smith, P.A., by John M. Martin, for plaintiff-appellant.*

*Staton, Doster, Post & Silverman, by Jonathan Silverman, for defendant-appellee.*

MARTIN, Chief Judge.

Plaintiff-appellant appeals from an order modifying his alimony obligation, requiring him to pay alimony arrearage, and awarding attorney fees to defendant-appellee.

On 29 August 2001, the trial court granted plaintiff an absolute divorce from defendant and entered a final consent order which awarded defendant alimony of $4,300 per month to be paid by plaintiff and provided for an equitable distribution of the parties' property. The consent order provided that the alimony award was nonmodifiable for a period of three years.

**SWAIN v. SWAIN**

[179 N.C. App. 795 (2006)]

On 10 February 2005, plaintiff filed a motion to reduce alimony; thereafter, defendant filed a motion in the cause alleging plaintiff was in contempt for failing to pay alimony in accordance with the prior order.

At the hearing on 19 May 2005, plaintiff presented evidence tending to show that at the time the consent order was entered, plaintiff was 58 years old and was employed as a vice president by Pentair Pool Products (Pentair). He had a gross annual salary of approximately $130,000 and received bonuses of $20,000 to $40,000 from his employment each year. The consent order provided that the amount of alimony was nonmodifiable for a period of three years. In January 2004 plaintiff was terminated from employment at Pentair due to a reorganization of the management group. He received a one-year severance package of $145,320 paid in twelve monthly installments, plus stock and stock options. Plaintiff invested approximately $58,000 in a new small company and worked there without receiving a salary from June 2004 through November 2004. Plaintiff also loaned a developer approximately $90,000 secured by a deed of trust on property in Polk County. The developer subsequently defaulted on the loan and repaid plaintiff only $46,000 of the loan amount. At the time of the hearing, plaintiff was employed by North Carolina State University at an annual salary of $62,000, from which he received gross monthly earnings of $4,920. Plaintiff also received income of $147 per month from a rental property, and his net monthly income was $3,791.95. Plaintiff's total monthly living expenses were $3,193. Plaintiff's estate at the time of the hearing was $449,000.

Defendant presented evidence of her ongoing need for alimony payments. Defendant suffered from depression and had not been employed since the entry of the consent order. Defendant's total monthly living expenses were $3,672; she owed $310 per month on her credit card and drove a 1998 Blazer with 110,000 miles which she needed to replace soon. The $4,300 in alimony paid her by plaintiff yielded a net monthly income of $3,580. Defendant's estate at the time of the hearing was $148,000.

Plaintiff made alimony payments of $4,300 per month from September 2001 through January 2005, in compliance with the consent order. In February 2005 plaintiff paid only $1,555.07, in March 2005 he paid only $900, in April 2005 he paid only $426, and in May 2005 he paid only $1,000.

On 24 August 2005, the trial court entered an order modifying and reducing the alimony from $4,300 monthly to $3,600 monthly, ordering plaintiff to pay $11,219 in alimony arrearage, and ordering plaintiff to pay defendant's attorney fees in the amount of $500. Plaintiff appealed.

---

Plaintiff makes three arguments on appeal: (1) the trial court erred in ordering him to pay essentially his entire monthly income as alimony; (2) the trial court erred in requiring him to pay alimony arrearage where the trial court made no findings or conclusions of law that plaintiff was in contempt of court; and (3) the trial court erred in requiring plaintiff to pay defendant's attorney's fees. For the reasons stated herein, we affirm the trial court's order insofar as it reduced plaintiff's alimony obligation to $3,600 per month and required him to pay arrearage, but we reverse the award of attorney's fees.

Plaintiff's first argument proceeds in three parts. First, plaintiff argues that the trial court abused its discretion in ordering him, as the supporting spouse, to pay alimony in an amount that would require him to deplete his estate. Second, plaintiff argues that the trial court did not make sufficient findings of fact to support its modification of the alimony award. Finally, plaintiff argues that the trial court's findings of fact do not support its conclusion of law.

[1] Plaintiff contends that it is an abuse of discretion, and therefore error, for a trial court to order alimony in an amount that would cause the supporting spouse to deplete his estate. Plaintiff contends, rather, that an alimony award must be based on "the supporting spouse's ability to pay," *Spencer v. Spencer*, 133 N.C. App. 38, 43, 514 S.E.2d 283, 287 (1999) (quoting *Rowe v. Rowe*, 305 N.C. 177, 187, 287 S.E.2d 840, 846 (1982)), and "the supporting spouse['s] income at the time the award is made." *Quick v. Quick*, 305 N.C. 446, 453, 290 S.E.2d 653, 658 (1982). We note, however, that a court may properly consider the parties' relative estates as a "guide in evaluating the earnings and earning capacity of the parties." *Williams v. Williams*, 299 N.C. 174, 184, 261 S.E.2d 849, 856 (1980). Also, "[t]he court must consider the estate and earnings of both in arriving at the sum which is just and proper for the husband to pay the wife." *Sayland v. Sayland*, 267 N.C. 378, 382, 148 S.E.2d 218, 222 (1966); *see also Quick*, 305 N.C. at 453, 290 S.E.2d at 658. In the present case, the court properly considered the relative estates of the parties as well as their relative income and earning capacities.

Plaintiff further points out that "[o]rdinarily, the parties will not be required to deplete their estates to pay alimony or to meet personal expenses," *Beaman v. Beaman*, 77 N.C. App. 717, 722, 336 S.E.2d 129, 132 (1985), and "[a] spouse cannot be reduced to poverty in order to comply with an alimony decree." *Quick*, 305 N.C. at 457, 290 S.E.2d at 661. As distinguished from the cited cases, the alimony awarded in the present case would not deplete the plaintiff's estate for almost 12 years based on his current financial situation, and could last substantially longer if plaintiff's income increases in accordance with the earning potential he has demonstrated. Thus, the award does not leave the plaintiff impoverished. Although plaintiff cites three cases from our Supreme Court that appear to disfavor alimony awards that result in estate depletion for one party or the other, *Quick*, 305 N.C. 446, 290 S.E.2d 653; *Williams*, 299 N.C. 174, 261 S.E.2d 849; *Beall v. Beall*, 290 N.C. 669, 228 S.E.2d 407 (1976), those decisions by no means prohibit such awards. Rather, all of these cases cite "fairness and justice to all parties" as the principle to which an alimony award must conform. *Quick*, 305 N.C. at 453, 290 S.E.2d at 658 (quoting *Beall*, 290 N.C. at 674, 228 S.E.2d at 410); *Williams*, 299 N.C. at 189, 261 S.E.2d at 859 (quoting *Beall*, 290 N.C. at 674, 228 S.E.2d at 410); *Beall*, 290 N.C. at 674, 228 S.E.2d at 410 (citing *Sayland*, 267 N.C. at 382-83, 148 S.E.2d at 222). Thus, we consider whether the court's award in the present case is fair to all of the parties.

In the present case, plaintiff's net monthly income is $3,791.95. Plaintiff's total monthly living expenses are $3,193. After meeting his own living expenses, plaintiff would have only $598.95 left to pay alimony. Defendant's total monthly living expenses are $3,672. Her net monthly income from $4,300 of alimony is only $3,580, an amount that already falls short of her monthly living expenses. Considering that plaintiff's estate is substantially larger than defendant's estate, it would be unfair to require defendant to further deplete her estate while allowing plaintiff to maintain his. Instead, the trial court ordered a reduction in alimony from $4,300 per month to $3,600 per month. This award does not fully meet defendant's living expenses and is greater than plaintiff's disposable income after meeting his own expenses. Because the award requires both parties to deplete their estates to meet their living expenses, the trial court's reduction of alimony was fair to both parties, and the trial court did not abuse its discretion.

**[2]** Next, plaintiff argues that the trial court did not make sufficient findings of fact to support its modification of the alimony award. Plaintiff argues that the court was required to make findings of fact as to the standard of living of the parties and as to the defendant's actual ability to make payments. We first address whether the trial court is required to make a finding as to the standard of living of the parties when hearing a motion for modification of alimony. N.C.G.S. § 50-16.3A(c) requires the court to make findings of fact with regard to sixteen factors when making an initial award of alimony, if evidence is offered on the factor. N.C. Gen. Stat. § 50-16.3A(c) (2005). Our Supreme Court has recognized that a trial court must consider the same sixteen factors when hearing a motion to modify alimony pursuant to N.C.G.S. § 50-16.9:

> To determine whether a change of circumstances under G.S. 50-16.9 has occurred, it is necessary to refer to the circumstances or factors used in the original determination of the amount of alimony awarded under G.S. 50-16.5 [now N.C. Gen. Stat. § 50-16.3A]. . . .
>
> . . . The statutes codified as G.S. 50-16.1 through 50-16.10 all deal with the same subject matter, alimony, and are to be construed *in pari materia*. So construed, the change in circumstances in G.S. 50-16.9 logically refers to those circumstances set forth in G.S. 50-16.5 [now N.C. Gen. Stat. § 50-16.3A].

*Rowe*, 305 N.C. at 187, 287 S.E.2d at 846 (internal citation omitted). Implied in this reasoning is that the trial court must make findings of fact as to any of the 16 factors that have changed since the entry of the alimony award that is being considered for modification. The eighth factor in N.C.G.S. § 50-16.3A(b) is "[t]he standard of living of the spouses established during the marriage." N.C. Gen. Stat. § 50-16.3A(b)(8) (2005). No change in circumstances occurring after divorce and entry of alimony award will ever change the standard of living that the couple enjoyed while they were married. Thus, the parties did not present evidence of a change with respect to this factor, and the trial court did not need to make a finding of fact on the factor.

Plaintiff also argues that the trial court should have made a finding of fact as to the defendant's actual ability to pay the monthly award. Actual ability to pay is not a factor requiring findings of fact under N.C.G.S. § 50-16.3A(b). Furthermore, "the failure of the court to make a specific finding of fact as to [the supporting spouse's] ability

to pay is not deemed a sufficient ground for disturbing the court's order." *Mills v. Mills*, 257 N.C. 663, 666, 127 S.E.2d 232, 234 (1962). Although actual ability to pay is relevant to the court's determination of fairness to the parties, it is not error for a court to omit a specific finding of actual ability to pay where the court clearly considered the defendant's actual ability to pay. In the present case, the court clearly considered plaintiff's ability to pay the alimony, as evidenced by its extensive findings as to defendant's income, living expenses, and estate.

[3] The last prong of plaintiff's argument that the trial court erred in ordering plaintiff to pay essentially his entire monthly income as alimony is that the court's findings of fact do not support its conclusion of law that plaintiff's alimony should be reduced to $3,600 per month. We review the trial court's conclusion for abuse of discretion. As discussed in addressing the first prong of plaintiff's argument, the trial court made findings of fact as to the income, living expenses, and estates of both the plaintiff and defendant and reached a conclusion that was fair and within its discretion.

[4] Plaintiff next assigns as error that the trial court required plaintiff to pay the alimony arrearage without making findings or conclusions as to the issue of contempt, raised by the defendant. It is true that the trial court did not dispose of defendant's contempt motion by making "a finding for or against the alleged contemnor on each of the elements set out in G.S. 5A-21(a)" as required by N.C. Gen. Stat. § 5A-23(e) (2005). If this is error, the plaintiff did not raise this issue on appeal, and so the issue is not properly before us.

Instead, plaintiff argues that because the court did not make findings or conclusions on the issue of contempt, its order that plaintiff pay the alimony arrearage is in error. We find this argument to be without merit. Plaintiff's argument relies on the premise that a court may enforce alimony arrearage by ordering their payment only subsequent to a finding of contempt. This is decidedly untrue.

A judgment awarding alimony is a judgment directing the payment of money by a defendant to plaintiff and, by such judgment, the defendant thereupon becomes indebted to the plaintiff for such alimony as it becomes due, and when the defendant is in arrears in the payment of alimony the court may, on application of plaintiff, judicially determine the amount then due and enter its decree accordingly.

*Barber v. Barber*, 217 N.C. 422, 427, 8 S.E.2d 204, 208 (1940) (citing *Vaughan v. Vaughan*, 211 N.C. 354, 361, 190 S.E. 492, 496 (1937)). Also, this Court held "a failure to find a supporting party in contempt does not affect the underlying debt." *Brower v. Brower*, 75 N.C. App. 425, 428, 331 S.E.2d 170, 173 (1985). The trial court properly exercised its authority to determine the amount of the alimony arrearage due and to order plaintiff to pay such amount; thus, we find no error.

[5] As his third and final assignment of error, plaintiff argues that the trial court erred in requiring plaintiff to pay defendant's attorney fees. N.C.G.S. § 50-16.4 allows the court to "enter an order for reasonable counsel fees for the benefit of such spouse, to be paid and secured by the supporting spouse in the same manner as alimony." N.C. Gen. Stat. § 50-16.4 (2005). In addition, our Supreme Court has held:

> The clear and unambiguous language of the statutes . . . provide as prerequisites for determination of an award of counsel fees the following: (1) the spouse is entitled to the relief demanded; (2) the spouse is a dependent spouse; and (3) the dependent spouse has not sufficient means whereon to subsist during the prosecution of the suit and to defray the necessary expenses thereof.

*Rickert v. Rickert*, 282 N.C. 373, 378, 193 S.E.2d 79, 82 (1972). Furthermore, "the trial court must set out the findings of fact upon which the award is made." *Self v. Self*, 37 N.C. App. 199, 201, 245 S.E.2d 541, 543 (1978).

In the present case, the trial court made no findings with regard to defendant's ability to subsist during prosecution of the suit or her ability to defray the necessary expenses of suit. Therefore, we must vacate the award of attorney fees.

Affirmed in part, vacated in part.

Judges ELMORE and JACKSON concur.